**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1534-18T4

VILLAGE 35 LP,

    Plaintiff-Respondent,

v.

MOUNTAIN HILL, LLC,

    Defendant-Appellant.

_____

> Argued November 7, 2019 – Decided November 20, 2019
>
> Before Judges Mayer and Enright.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1191-18.
>
> Gary E. Fox argued the cause for appellant (Fox & Melofchik LLC, attorneys; Gary E. Fox, on the briefs).
>
> Paul H. Schneider argued the cause for respondent (Giordano Halleran & Ciesla, PC, attorneys; Paul H. Schneider, on the brief).

PER CURIAM

Defendant appeals from an October 26, 2018 order granting summary judgment in favor of plaintiff. We affirm.

In 2014, defendant contracted to sell real property located in Middletown to plaintiff (contracted property). Plaintiff intended to develop a shopping center on the property. The closing date for the real estate transaction was contingent on plaintiff obtaining development approval for a shopping center within a certain period of time (approval period). The approval period could be extended for two additional years provided plaintiff paid $250,000 to defendant for each year of the extension.

The contract also contained a tolling provision, suspending all relevant time periods, including the approval period and closing date, "during the pendency of litigation in connection with any of the approvals, permits and/or utilities . . . for the Property (or any portion thereof)" or "in the event of any governmental delays in connection with the Approvals process; however in no event shall the tolling exceed [two] years total."

In 2015, the Middletown Planning Board (Board) granted plaintiff's general development plan (GDP) for the contracted property. The GDP contemplated additional approvals and permits to construct the shopping center.

2

Thereafter, plaintiff applied for subdivision and site plan approval. The Board held six public hearings on non-consecutive dates starting on June 1, 2016 and continuing until July 12, 2017. On July 17, 2017, the Middletown Township Committee (Committee) adopted a resolution authorizing the Board to determine if the contracted property and adjacent parcels met the requirements for an area in need of redevelopment under the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -49 (Investigation Resolution).

Representatives for plaintiff, defendant, and a third party to whom defendant was selling another parcel allegedly met with municipal officials on August 18, 2017. Municipal officials purportedly advised the Board "did not like and would not approve [plaintiff's] site plan application." The municipal officials suggested that in the event the contracted property was recommended for redevelopment, it would need to be developed pursuant to the LRHL and would require changes to plaintiff's pending application. Defendant denies such a conversation occurred.

After adoption of the Investigation Resolution, plaintiff claimed the Board refused to continue hearings on its application. Defendant claimed plaintiff "chose to suspend the processing of its application as of October 2017."

 A-1534-18T4

On December 6, 2017, the Board recommended the Committee designate the area, including the contracted property, an "area in need of redevelopment" under the LRHL. The Committee agreed and, on December 18, 2017, adopted Resolution No. 2017-294 (Redevelopment Resolution), designating the contracted property suitable for redevelopment.

About a month after adoption of the Redevelopment Resolution, a group of local residents, known as Minding Middletown, LLC, filed a complaint in lieu of prerogative writs, challenging the resolution designating portions of the municipality for redevelopment (Minding Middletown Litigation).

Based on the designation of the contracted property as an area in need of redevelopment and the Minding Middletown Litigation, on February 27, 2018, plaintiff notified defendant the tolling provision in the contract was triggered. Defendant denied the contract was tolled as a result of either event, and claimed "there [was] nothing prohibiting [plaintiff] from proceeding with the pending application."

Plaintiff filed an action on April 3, 2018, seeking a declaration that the parties' contract was tolled. After defendant filed its answer, plaintiff moved for summary judgment. Defendant filed opposition to plaintiff's motion and cross-moved for summary judgment.

4

On August 3, 2018, the motion judge heard the arguments of counsel on the summary judgment motions. The judge issued an oral decision on August 31, 2018, granting plaintiff's motion and denying defendant's cross-motion.[1] The judge found "the terms of the contract must govern." The judge explained "the record plainly contradicts that [plaintiff] voluntarily withdrew and suspended its application. . . . [W]hat is shown is that each of the parties were advised that further hearings on the application would be suspended pending the results of the [redevelopment] investigation." According to the judge, once the municipality "determined that the subject property was, indeed, in need of redevelopment . . . it can hardly be argued that [plaintiff] would be able to comply with the terms of the contract" by obtaining non-appealable governmental approvals. The judge also determined "[t]he Minding Middletown litigation is a direct challenge to [the municipality]'s redevelopment plan. It can hardly be argued that any result of that litigation is entirely independent or concerning to this matter." Based on these findings, the judge concluded the time periods under the contract tolled as of December 18, 2017.

---

[1] The motion judge entered inconsistent orders memorializing his oral decision. Amended orders, correcting the original motion judge's inadvertent error, were signed by a different judge on October 26, 2018.

A-1534-18T4

On appeal, defendant argues there were genuine issues of material fact concerning "governmental delay in connection with the Approvals process," precluding a determination as a matter of law that the contract's tolling provision was triggered. In addition, defendant contends the Minding Middletown Litigation was not "in connection with any of the approvals for the property" and therefore did not trigger the contract's tolling requirement.

Our review of rulings on motions for summary judgment is de novo, applying the same legal standard as the trial court. Lee v. Brown, 232 N.J. 114, 126 (2018). Summary judgment shall be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

When a party files a cross-motion for summary judgment, alleging no genuine disputes of material fact, that party's ability to argue genuine factual issues is limited on appeal. Spring Creek Holding Co. v. Shinnihon U.S.A., 399 N.J. Super. 158, 177 (App. Div. 2008). "[S]ince both sides moved for summary judgment, one may fairly assume that the evidence was all there and the matter was ripe for adjudication." Morton Int'l Inc. v. Gen. Accident Ins. Co. of Am., 266 N.J. Super. 300, 323 (App. Div. 1991). A cross-movant may defeat summary judgment if the cross-movant can prove a genuine issue of material

fact would exist if the moving party's version of the facts is accepted. O'Keeffe v. Snyder, 83 N.J. 478, 487 (1980). However, a factual dispute of an "insubstantial nature" is not sufficient to defeat summary judgment. Inv'rs Bank v. Torres, 457 N.J. Super. 53, 64 (App. Div. 2018) (citing Brill, 142 N.J. at 529-30).

"The interpretation of a contract is ordinarily a legal question for the court and may be decided on summary judgment unless 'there is uncertainty, ambiguity or the need for parol evidence in aid of interpretation. . . .'" Celanese Ltd. v. Essex Cty. Improvement Auth., 404 N.J. Super. 514, 528 (App. Div. 2009) (omission in original) (quoting Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 502 (App. Div. 2000)). In reviewing contract terms, the term should be interpreted to give effect to the parties' objectively reasonable expectations, considering the attendant circumstances and purpose of the contract. Ibid. (citing Onderdonk v. Presbyterian Homes of N.J., 85 N.J. 171, 183-84 (1981)).

An appellate "court must consider contractual language in the context of the circumstances at the time of drafting and . . . apply a rational meaning in keeping with the expressed general purpose. [I]f the contract into which the parties have entered is clear, then it must be enforced as written." Serico v.

Rothberg, 234 N.J. 168, 178 (2018) (alterations in original) (quoting In re County of Atlantic, 230 N.J. 237, 254-55 (2017)). "Where the terms of an agreement are clear, [courts] ordinarily will not make a better contract for parties than they have voluntarily made for themselves, nor alter their contract for the benefit or detriment of either, particularly in a commercial, arms-length setting." Carroll v. United Airlines, Inc., 325 N.J. Super. 353, 358-59 (App. Div. 1999).

Applying these principles, we are satisfied that the time periods under the parties' contract were tolled until the earlier of two years from December 18, 2017 or the "final disposition of the Minding Middletown [L]itigation and the end of governmental delay in connection with the Approvals process." The governmental delay occurred when the Committee adopted the Redevelopment Resolution that included the contracted property. While defendant disputes what may or may not have been said at the August 2017 meeting with municipal officials, defendant does not, and cannot, dispute that, on September 13, 2017, the Board declined to proceed with plaintiff's subdivision application contemplation of redevelopment, thereby triggering the contract's tolling provision based on a governmental delay in connection with the approval process.

We also conclude the judge properly determined that the Minding Middletown Litigation triggered the contract's tolling provision because that matter was "litigation in connection with" plaintiff's development approvals. The Redevelopment Resolution did not indicate whether the redevelopment plan would displace the existing underlying zoning or create overlay zoning. If Minding Middletown, LLC was successful in its litigation challenging the Redevelopment Resolution, plaintiff's application could have been impacted. See N.J.S.A. 40A:12A-7(a) (requiring redevelopment projects to proceed only "in accordance with a redevelopment plan adopted by ordinance of the municipal governing body, upon its finding that the specifically delineated project area is located in an area in need of redevelopment . . . according to [statutory] criteria.").

We are satisfied the contract's tolling provision was triggered by both the "litigation in connection with" clause and the "governmental delay in connection with" clause.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

 A-1534-18T4