JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.
**171 This appeal arises from plaintiff Lucia Serico's[1] motion for attorney's fees and other litigation expenses pursuant to Rule 4:58 after a jury trial on medical malpractice claims against Robert M. Rothberg, M.D. At issue is whether Serico may collect attorney's fees from Rothberg despite entering into a "high-low agreement"[2] that *346 limited the amount she could recover at trial to $1,000,000. We determine that the high-low agreement is a settlement subject to the rules of contract interpretation. Accordingly, based on the expressed intent of the parties and the context of the agreement, we find that the agreement set $1,000,000 as the maximum recovery. Therefore, Serico may not seek additional litigation **172 expenses allowed by Rule 4:58. The judgment of the Appellate Division is accordingly affirmed.
I.
A.
This claim arose from Rothberg's negligent failure to diagnose Benjamin Serico -- who unfortunately passed away before trial -- with colon cancer. Before trial, in April 2014, Serico served Rothberg with an offer of judgment for $750,000 "inclusive of costs and prejudgment interest." The offer letter contained a warning that Serico would seek "all reasonable litigation expenses including costs, interest, and attorney's fees in accordance with Rule 4:58," the rule governing offers of judgment. Rothberg declined the offer.
During trial, in October 2015, the parties entered into a high-low agreement on the record. The "low" was $300,000 and the "high" was $1,000,000. Neither party mentioned Rule 4:58, nor did they explicitly waive or preserve rights pursuant to the Rule. While the parties did not address the issue of attorney's fees and other litigation expenses, the trial transcript reveals the scope of the agreement. Rothberg's counsel stated:
We've offered a high low settlement agreement to the plaintiff, which the plaintiff has at this time accepted. The terms are $1,000,000 for the high, and $300,000.00 for the low.
And with specificity, that means that if there is a no cause, [Serico] gets $300,000.00. If there is a verdict in favor of [Serico] in excess of $1,000,000, [Serico] gets $1,000,000.
If there is a verdict in favor of [Serico] ... for an amount of money of any point between $300,000.00 and $1,000,000, [Serico] gets that amount of money without interest. So if the verdict is for $600,000.00, [Serico] gets $600,000.00, period. Okay?
There will be no appeal. In the event of a hung jury, [Serico's counsel] has the option of either accepting the low figure of $300,000.00, or opting for a new trial at his option at that time. He does not have to make that decision now. He can make it at that time.
Upon further questioning by the trial judge, both parties agreed the "medical expenses are subsumed within the amount" of the **173 agreement. Serico's counsel asked for clarification that Rothberg did not have insurance coverage in excess of $1,000,000:
Also, Judge, I do have my client in court today just to confirm that what she and the boys have agreed to a [$300,000] low, [$1,000,000] high.
And also I'd like Mr. Sharp to represent that there is no excess coverage other than [$1,000,000], that that's the policy.
Counsel confirmed the policy limit with an insurance representative in the courtroom.
The jury awarded Serico a total amount of $6,000,000. The court entered judgment in the amount of $1,000,000 as specified in the agreement. Serico moved for litigation *347 expenses, including attorney's fees, pursuant to Rule 4:58-2. The trial court denied the motion, applying a custom and usage analysis. The trial court relied on his forty-two years of experience as an attorney and judge, and conferred with judicial colleagues. The judge determined that he had never encountered a litigant who sought costs and fees pursuant to the offer of judgment rule after entering into a high-low agreement. Serico appealed.
B.
An Appellate Division panel affirmed the trial court's decision in a published opinion, but applied different reasoning. Serico v. Rothberg, 448 N.J. Super. 604, 154 A.3d 723 (App. Div. 2017). The panel determined that Serico "could not recover any amount beyond the 'high' ... because the [high-low] agreement limit[ed] the total amount of [Rothberg's] obligation to that amount." Id. at 613, 154 A.3d 723. Because such agreements are contracts, the panel continued, the terms are to be enforced as written, if clear. Id. at 614, 154 A.3d 723. In the interest of encouraging settlement, a plaintiff cannot recover more than the "high" of the agreement unless she explicitly preserves the right to seek more. Id. at 615-16, 154 A.3d 723.
Serico petitioned this Court for certification, which we granted. 230 N.J. 416, 168 A.3d 1178 (2017).
**174 II.
A.
Serico argues that Rule 4:58, by its plain language, compels the ordering of litigation expenses, including attorney's fees, to be paid by Rothberg. Moreover, she asserts, because the high-low agreement is a contract, and the parties did not discuss the offer of judgment rule in relation to the agreement, there was no meeting of the minds creating an enforceable contract on that issue.
Serico contends that the intent of the parties must govern in interpreting the agreement, but cautions the Court against finding a "secret, unexpressed intent." She emphasizes that a high-low agreement cannot automatically waive the right to seek litigation expenses. Any waiver of her right to expenses pursuant to Rule 4:58 would have to be explicit or implied, according to Serico.
B.
Rothberg agrees that high-low agreements are contracts and should be subject to traditional rules of contract interpretation by the courts. He urges the Court to enforce the agreement in accordance with its plain meaning and not the secret or unexpressed intent of the parties. Rothberg contends that a basic assumption of high-low agreements is that "a plaintiff cannot recover more than the amount agreed to as the 'high' limit." Because Serico did not express her intention to pursue Rule 4:58 expenses during negotiations, and the intention was not placed on the record with the rest of the agreement, Rothberg stresses her recovery is limited to the high-low agreement's clear terms.
Rothberg argues that a 2008 Appellate Division case, Malick v. Seaview Lincoln Mercury, which considered the relationship among high-low agreements, Rule 4:58 expenses, and prejudgment interest, is in agreement with the panel's decision in this case. 398 N.J. Super. 182, 940 A.2d 1221 (App. Div. 2008). There, Rothberg continues, the plaintiff specifically reserved his right to the offer of **175 judgment remedy despite the high-low agreement. Here, Rothberg reasons that because Serico did not express her intent to pursue *348 Rule 4:58 expenses, she is limited to the agreement.
III.
There are no disputed facts in this case and we review only the application of law to established facts. Thus, our review is de novo. Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").
IV.
We begin our analysis with a brief discussion of Rule 4:58 and its purposes. We then apply the rule to the high-low agreement that is the subject of this dispute.
A.
Rule 4:58 prescribes the process and consequences of making a pre-trial offer of judgment. The "fundamental purpose of the rule" is to induce settlement. Pressler & Verneiro, Current N.J. Court Rules, cmt. 1 on R. 4:58 (2018). It is "designed particularly as a mechanism to encourage, promote, and stimulate early out-of-court settlement of ... claims that in justice and reason ought to be settled without trial." Crudup v. Marrero, 57 N.J. 353, 357, 273 A.2d 16 (1971).
Rule 4:58-1 provides, in relevant part, that
any party may, at any time more than [twenty] days before the actual trial date, serve on any adverse party, without prejudice, and file with the court, an offer to take a monetary judgment in the offeror's favor, or as the case may be, to allow judgment to be taken against the offeror, for a sum stated therein (including costs). The offer shall not be effective unless, at the time the offer is extended, the relief sought by the parties in the case is exclusively monetary in nature.
**176 [R. 4:58-1(a).]
The Rule continues:
[i]f at any time on or prior to the 10th day before the actual trial date the offer is accepted, the offeree shall serve on the offeror and file a notice of acceptance with the court. The making of a further offer shall constitute a withdrawal of all previous offers made by that party. An offer shall not, however, be deemed withdrawn upon the making of a counter-offer by an adverse party but shall remain open until accepted or withdrawn as is herein provided.
[R. 4:58-1(b).]
Finally, the Rule describes the consequences of a party's failure to accept the offer and, proceeding to trial:
if the offer of a claimant is not accepted and the claimant obtains a money judgment, in an amount that is 120% of the offer or more, excluding allowable prejudgment interest and counsel fees, the claimant shall be allowed, in addition to costs of suit: (1) all reasonable litigation expenses incurred following non-acceptance; (2) prejudgment interest of eight percent on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, but only to the extent that such prejudgment interest exceeds the interest prescribed by R. 4:42-11(b), which also shall be allowable; and (3) a reasonable attorney's fee for such subsequent services as are compelled by the non-acceptance.
[R. 4:58-2(a) (emphases added).]
Similarly, when the offeror is not the claimant (i.e., the offeror is the defendant):
[i]f the offer of a party other than the claimant is not accepted, and the claimant *349 obtains a monetary judgment ... that is favorable to the offeror as defined by this rule, the offeror shall be allowed, in addition to costs of suit, the allowances as prescribed by R. 4:58-2, which shall constitute a prior charge on the judgment or verdict in uninsured/underinsured motorist actions.
[R. 4:58-3(a).]
A favorable determination "is a money judgment ... that is 80% of the offer or less." R. 4:58-3(b).
"In essence, the rule 'imposes financial consequences on a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment.' " Wiese v. Dedhia, 188 N.J. 587, 593, 911 A.2d 479 (2006) (quoting Schettino v. Roizman Dev., 158 N.J. 476, 482, 730 A.2d 797 (1999) ). It is designed so that "a party who has rejected a settlement" may not "escape mandatory payment for any portion of the costs incurred as a result of his decision." Ibid. That is, "[t]he rule was intended to penalize a **177 party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment." Ibid. (quoting Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 125, 881 A.2d 719 (2005) ). "[A]ll costs [that] result [from] the rejection of an offer of judgment, including those incurred in Appellate Division and Supreme Court proceedings, fall within the scope of Rule 4:58-2." Id. at 593-94, 911 A.2d 479.
B.
A high-low agreement, like the one at issue in this case, is "[a] settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome at trial." Black's Law Dictionary 797 (9th ed. 2009). "Any outcome between the agreed limits is to be accepted by the parties." Benz v. Pires, 269 N.J. Super. 574, 578-79, 636 A.2d 101 (App. Div. 1994). The agreement is a settlement contract and subject to the rules of contract interpretation. Malick, 398 N.J. Super. at 186, 190, 940 A.2d 1221.
In contrast to a pre-trial offer of judgment, the parties to a high-low agreement "agree to let the usual process of trial and judgment operate and control the outcome." Benz, 269 N.J. Super. at 579, 636 A.2d 101. In Benz, the plaintiff applied for prejudgment interest pursuant to Rule 4:42-11(b) after the jury returned a no-cause verdict, entitling him to the lower limit of the agreement. Id. at 577, 636 A.2d 101. The Appellate Division determined that prejudgment interest could not be collected on a pretrial settlement unless specified in the agreement, and applied the rule to the high-low agreement. Id. at 580, 636 A.2d 101.
In Malick, the Appellate Division considered whether a plaintiff could recover interest pursuant to Rule 4:58 after entering into a high-low agreement. 398 N.J. Super. at 184, 940 A.2d 1221. Before trial, the plaintiff offered to settle for $650,000 and the defendant rejected the offer. Id. at 184, 940 A.2d 1221. During trial, the parties negotiated a high-low of $175,000 to $1,000,000.
**178 Id. at 184-85, 940 A.2d 1221. In negotiating the agreement, the plaintiff waived prejudgment interest but expressly reserved the right to pursue "legal fees and litigation costs" pursuant to Rule 4:58, if applicable. Id. at 185, 940 A.2d 1221. The panel concluded that the agreement was ambiguous and remanded for determination of whether prejudgment interest included both Rule 4:42-11 and Rule 4:58 interest, without comment on the other Rule 4:58 costs and fees. Id. at 189, 940 A.2d 1221.
*350 C.
We analyze the agreement at issue in this case under the familiar rules of contract interpretation. "It is well-settled that '[c]ourts enforce contracts "based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract." ' " In re County of Atlantic, 230 N.J. 237, 254, 166 A.3d 1112 (2017) (alteration in original) (quoting Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 118, 85 A.3d 947 (2014) ).
A reviewing court must consider contractual language in the context of the circumstances at the time of drafting and ... apply a rational meaning in keeping with the expressed general purpose. [I]f the contract into which the parties have entered is clear, then it must be enforced as written. Where an agreement is ambiguous, courts will consider the parties' practical construction of the contract as evidence of their intention and as controlling weight in determining a contract's interpretation.
[ Id. at 254-55, 166 A.3d 1112 (alterations in original) (citations and quotation marks omitted).]
In the absence of a factual dispute, we review the interpretation of a contract de novo. Id. at 255, 166 A.3d 1112 (citing Kieffer v. Best Buy, 205 N.J. 213, 222-23, 14 A.3d 737 (2011) ).
V.
In this case, the parties entered into a high-low agreement during jury deliberations. The agreement was not intended to avoid litigation expenses or save time; it was entered to mitigate the inherent risk to the parties of a jury verdict and to limit subsequent appeals. The plain language of the agreement is **179 silent on the issue of Rule 4:58 expenses. We must therefore look to the expressed intent of the parties and the context of the agreement.
In putting the agreement on the record, both parties had a chance to explain their position and discuss terms before the trial judge. The resulting agreement set a hard limit of $1,000,000, and expressly stated no interest or medical expenses would be added to that amount ("So if the verdict is for $600,000.00, [Serico] gets $600,000.00, period. Okay?").
Exploring the context of the agreement, Serico's request that Rothberg's counsel represent on the record that the insurance policy limit was $1,000,000 is most revealing. With a representative from the insurance company present, and the terms of the agreement on the record, Serico was satisfied that there was no secondary policy from which to recover -- $1,000,000 would be the ceiling.
The original, qualifying offer of judgment of $750,000 expired, thus bringing into place the penalties provided for in the rule. However, the settlement through high-low agreement superseded and extinguished the offer of judgment. An offer of judgment pursuant to Rule 4:58 is designed to encourage parties to settle claims that ought to be settled, saving time, expense, and averting risk, while the specter of the continued prosecution of the lawsuit remains. A high-low agreement, in contrast, only mitigates the risk faced by the litigants -- it saves no time or expense related to litigation and requires the full panoply of judicial process, up to and including a jury verdict. Although the high-low agreement is a settlement, it is not the sort of settlement contemplated by Rule 4:58; rather, it serves a different purpose and provides distinct benefits.
We conclude that the parties intended $1,000,000 to be the maximum recovery, including all expenses and fees, and that *351 they anticipated that it would replace any prior agreements. Serico may not now seek Rule 4:58 expenses based on her previous offer of **180 judgment. The agreement on the record reveals a meeting of the minds on both the floor and ceiling of Serico's recovery, including fees and expenses. Because the contract superseded the qualifying offer of judgment, if Serico desired Rule 4:58 expenses, she would have been required to explicitly preserve the right to pursue them when entering into the high-low agreement in this case. A crucial aspect of any high-low agreement is finality; both parties benefit from the strict and explicit limitation of financial exposure that such agreements provide.
VI.
We conclude that the Appellate Division and trial court correctly denied Serico's motion for Rule 4:58-2 expenses. Accordingly, we affirm the judgment of the Appellate Division.
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, SOLOMON, and TIMPONE join in JUSTICE FERNANDEZ-VINA's opinion.

Lucia Serico sued individually and as executrix of the estate of her husband, Benjamin Serico. They are collectively referred to as "Serico." Serico brought claims against other defendants, but this appeal concerns only her claims against Robert M. Rothberg, M.D.

In this case, as discussed later, Serico and Rothberg agreed to a high-low of $300,000 to $1,000,000, meaning she would recover at least $300,000 and at most $1,000,000, no matter the verdict.