**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2774-20

MILAN PATEL, and JIGNA
PATEL,

     Plaintiff-Respondent,

v.

BRIGHTSTAR HOSPITALITY,
LLC, and JAYENDRA C. PATEL,

     Defendant-Appellants.

_____

Submitted April 27, 2022 – Decided June 27, 2022

Before Judges Geiger and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1406-18.

Hegge & Confusione, LLC, attorneys for appellants (Michael Confusione, of counsel and on the brief).

Lanciano & Associates, LLC, attorneys for respondents (Larry E. Hardcastle, II, of counsel and on the brief).

PER CURIAM

Defendants Jayendra C. Patel and Brightstar Hospitality LLC (Brightstar) appeal from a $350,000 bench trial judgment rendered by Judge Peter A. Bogaard in favor of plaintiffs Milan and Jinga Patel in their lawsuit claiming breach of contract and conversion. We affirm substantially for the reasons explained in Judge Bogaard's through and cogent oral opinion, which spans fifty-two pages of transcript.

We presume the parties are familiar with the evidence that was adduced at trial and recounted in detail in Judge Bogaard's opinion. Accordingly, the pertinent facts need only be briefly summarized in this opinion. Plaintiffs invested $350,000 into Brightstar to develop a specific parcel of land (the property) as a Marriot Hotel. That plan depended on defendants purchasing the property. The parties executed an agreement in connection with the investment. The agreement provided that defendants would return plaintiffs' investment if Brightstar did not close on the purchase of the property by December 31, 2016. The agreement was silent, however, on whether and when the right to request a return of the investment money would expire.

Defendants did not close on the purchase of the property by December 31, 2016, but nor did plaintiffs request the return of their money by that date. When

2

the hotel site's owner terminated the sales contract, plaintiffs demanded a return of their money. Defendants refused to refund their investment.

On July 18, 2018, plaintiffs filed suit claiming breach of contract and conversion. Judge Bogaard conducted a two-day bench trial on November 4 and 5, 2020. On May 13, 2021, he entered judgment for plaintiffs on both the breach of contract and conversion counts, and ordered defendants to pay damages in the amount of $350,000.

This appeal follows. Defendants raise the following contentions for our consideration:

> POINT I
>
> DEFENDANT DID NOT BREACH THE PARTIES' CONTRACTS BY FAILING TO RETURN PLAINTIFFS' INVESTMENT MONIES, BECAUSE WHEN PLAINTIFFS DEMANDED THE RETURN OF THEIR INVESTMENT MONIES IN FEBRUARY 2018, PLAINTIFFS HAD NO CONTRACTUAL RIGHT, BY THAT POINT, TO HAVE THEIR MONIES RETURNED.
>
> POINT II
>
> FAILING TO RETURN PLAINTIFFS' INVESTMENT MONIES WAS NOT CONVERSION UNDER NEW JERSEY LAW, BECAUSE WHEN PLAINTIFFS DEMANDED THEIR INVESTMENT BACK IN FEBRUARY 2018, IT WAS NO LONGER THEIR MONEY UNDER THE PARTIES' CONTRACTS.

3

POINT III

THE WRONGS THAT THE TRIAL JUDGE SAID DEFENDANT COMMITTED WERE NOT DETERMINED TO [BE] MATERIAL BREACHES AS REQUIRED FOR PLAINTIFFS TO RECOVER ON BREACH OF CONTRACT UNDER NEW JERSEY LAW.

POINT IV

THE JUDGE FAILED TO DETERMINE THE PROPER MEASURE OF DAMAGES THAT PLAINTIFFS SUFFERED AS A RESULT OF THE WRONGS THE JUDGE FOUND DEFENDANT COMMITTED.

Because we affirm substantially for the reasons explained in Judge Bogaard's commendably thorough and detailed oral opinion, we need not address defendants' contentions at length. We add the following comments.

The scope of our review of a bench trial verdict is limited. See D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013) ("Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review[.]" (quoting Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011))). The law is clear that factual determinations made by a judge hearing a bench trial "must be upheld if they are based on credible evidence in the record." Motorworld, Inc. v. Benkendorf, 228 N.J. 311, 329 (2017) (citing D'Agostino, 216 N.J. at 182); see also Zaman v. Felton, 219 N.J. 199, 215–16

4

(2014) (holding that a trial court's determinations are afforded deference when they are "substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case[] . . . ." (quoting State v. Johnson, 42 N.J. 146, 161 (1964))). A trial court's factual determinations will not be disturbed unless those findings and conclusions were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Allstate Ins. Co. v. Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017) (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)). In contrast, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 378 (1995).

"In the absence of a factual dispute, we review the interpretation of a contract de novo." Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 612 (2020) (quoting Serico v. Rothberg, 234 N.J. 168, 178 (2018)). Under New Jersey law, where the terms of a contract are clear and unambiguous, there is no room for interpretation or construction, and the courts must enforce those terms as written. When presented with an unambiguous contract, the court, therefore, should not look outside the "four corners" of the contract to determine the

parties' intent. Namerow v. PediatriCare Assocs., LLC, 461 N.J. Super. 133, 140 (Ch. Div. 2018); cf. Manahawkin Convalescent v. O'Neil, 217 N.J. 99, 118 (2014) (alteration in original) ("Even in the interpretation of an unambiguous contract, we may consider 'all of the relevant evidence that will assist in determining [its] intent and meaning.'" (quoting Conway v. 287 Corp. Ctr. Assocs., 187 N.J. 259, 269 (2006))).

A contract, however, may be ambiguous if its terms are "susceptible to at least two reasonable alternative interpretations," Nestor v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997), or when it contains conflicting terms, Rockel v. Cherry Hill Dodge, 368 N.J. Super. 577, 581 (App. Div. 2004). Where ambiguity exists, "courts will consider the parties' practical construction of the contract as evidence of their intention and as controlling weight in determining a contract's interpretation." Cnty. of Morris v. Fauver, 153 N.J. 80, 103 (1998). "Having found an ambiguity, 'a court may look to extrinsic evidence as an aid to interpretation[.]'" Porreca v. City of Millville, 419 N.J. Super. 212, 232 (App. Div. 2011) (alteration in original) (quoting Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231, 238 (2008)); see In re Diet Drugs Prod. Liab. Litig., 706 F.3d 217, 224 (3d Cir. 2013) ("[I]f the written contract is ambiguous, a court may look to extrinsic evidence to resolve the ambiguity and determine

6

the intent of the parties." (quoting Glenn Distribs. Corp. v. Carlisle Plastics, Inc., 297 F.3d 294, 300 (3d Cir. 2002))); Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 93 (3d Cir. 2001) (alteration in original) ("A court may, however, look outside the 'four corners' of a contract if the contract's terms are unclear[.]").

A cause of action exists for breach of contract when the plaintiff can demonstrate that there exists "a valid contract, defective performance by the defendant, and resulting damages." Coyle v. Englander's, 199 N.J. Super. 212, 223 (App. Div. 1985). The construction of contract terms and whether the manner in which they were executed constitutes a breach is an issue of fact best left for the trier of fact. See Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 502 (App. Div. 2000).

Defendants argue that the trial court erred in finding that plaintiffs timely exercised their contractual right to demand a return of their money. The trial court had to decide whether plaintiffs' right to demand a return of their money expired before they exercised it. That question required the trial court to interpret the terms of the agreement. Because the relevant documents were unclear on the question as to the expiration of the right to demand a return of the investment money, the court had to look beyond the four corners of the

7

agreement to determine the intent of the parties. In this instance, that determination hinged on an assessment of the credibility of the witnesses.

The trial court believed plaintiffs' testimony. In contrast, the court found defendant Jayendra Patel's testimony to be "bizarre, nonsensical, [and] divorced from the realities of the transactions." As we have noted, we defer to the trial judge's factual findings during a bench trial. Judge Bogaard was in a far better position than us to make credibility findings because he had an opportunity to see the witnesses and develop a feel for the case. See Zaman, 219 N.J. at 215–16.

Based in large part on his credibility assessments, Judge Bogaard also determined that defendants committed a material breach of the contract by failing to return plaintiffs' investment. The court accepted plaintiffs' version of the relevant events and concluded that the "preponderance of the credible evidence establishes that the only reason [plaintiffs] didn't ask earlier than approximately January of 2018 for a return of the funds, is because they weren't being provided with full and complete information." The trial judge also likened defendants' conduct in using Brightstar's funds to pay debts on other projects to a "Ponzi scheme." Based on those factual findings, which are amply supported by credible evidence in the record, the trial court ultimately concluded that a

breach of contract clearly occurred. We see no reason to disturb that fact-sensitive determination.

Judge Bogaard also properly found that the appropriate measure of damages for defendants' failure to return plaintiffs' $350,000 investment was an award of that sum. Under New Jersey law, defendants are liable for "all of the natural and probable consequences of the breach of th[eir] contract." Pickett v. Lloyd's, 131 N.J. 457, 474 (1993); see also Donovan v. Bachstadt, 91 N.J. 434, 444 (1982) (The goal of a damage award is "to put the injured party in as good a position as . . . if performance had been rendered . . . .").

To reiterate, the trial judge found that the April 23, 2016 agreements required defendants to return "all monies paid" by plaintiffs if defendants did not close on the purchase of the property on which the hotel was to be built. It is undisputed that plaintiffs each paid $175,000 for a total of $350,000. Because defendants failed to close on the property, the trial court appropriately found that plaintiffs suffered damages in the amount of $350,000.

To the extent we have not specifically addressed them, any remaining arguments raised by defendants lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2774-20