**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0256-22

THOMAS A. CONNORS,
CHARLES MARTINI, WILLIAM
MORTON, DENIS BARRY,
SALVATORE TOLENO, ROBERT
MORRIS, TIMOTHY LATOUR,
WAYNE FORSYTHE, and all
similarly situated individuals,

     Plaintiffs-Appellants,

v.

VILLAGE OF RIDGEFIELD PARK,

     Defendant-Respondent.

_____

> Argued October 24, 2023 – Decided January 5, 2024
>
> Before Judges Gooden Brown and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7742-20.
>
> Marcia J. Mitolo argued the cause for appellants (Limsky Mitolo, attorneys; Marcia J. Mitolo, of counsel and on the briefs).

Philip N. Boggia argued the cause for respondent (Boggia, Boggia & Betesh, LLC, and Fox Rothschild LLP, attorneys; Philip N. Boggia, Joseph W. Voytus, Kenneth Aaron Rosenberg, and Sara Hale Bernstein, on the brief).

PER CURIAM

Plaintiffs[1] Thomas Connors, William Morton, Denis Barry, Salvatore Toleno, Robert Morris, Timothy LaTour, and Wayne Forsythe appeal from the Law Division's August 31, 2022, order that denied their motion for summary judgment, granted defendant Village of Ridgefield Park's motion for summary judgment, and dismissed plaintiffs' complaint with prejudice. We affirm.

Plaintiffs, former police officers retired from Ridgefield Park, are over the age of sixty-five and eligible for Medicare. The Police Benevolent Association (PBA) Local 86 represents patrol officers and sergeants employed by Ridgefield Park. Plaintiffs were active PBA members prior to their retirement and the PBA continues to represent their interests as retirees.

Morton retired at the rank of captain on January 1, 1996, and Connors retired at the rank of sergeant on February 1, 1998. The other plaintiffs retired at the rank of patrol officer: Toleno on September 1, 1982; Forsythe on

---

[1] Charles Martini voluntarily dismissed his claims with prejudice and did not participate in this appeal.

November 1, 1986; Barry on July 1, 1990; Morris on July 1, 1992; and LaTour on February 1, 2001.

Ridgefield Park and the PBA have entered into contract negotiation agreements (CNAs) since 1980. Prior to 1984, the CNAs did not provide for retirees' medical health benefits. On January 10, 1984, the Board of Commissioners of Ridgefield Park adopted Resolution No. 3, which "elect[ed] to adopt the provisions of [the State Health Benefits Program (SHBP) Act] and adhere to the rules and regulations promulgated by the State Health Benefits Commission [(SHBC)] to implement the provisions of the law." The resolution acknowledged certain rules and regulations of the SHBC, and adopted the following provision:

> WHEREAS, we hereby agree to pay the premium or periodic charges for the benefits provided to all eligible retired employees and their dependents covered under the program, but not including survivors, if such employees retired from a State or locally-administered retirement system effective after the date the employer adopted the [SHBP] on a benefit based on [twenty-five] or more [years] of service credited in such retirement system . . . and also to reimburse such retired employees for their premium charges under Part B of the Federal Medicare Program covering the retired employees and their spouses in accordance with the regulations.

A-0256-22

Although the resolution referred to reimbursement of Part B premiums for retirees and their spouses, this provision was not incorporated into the subsequent CNA.  Instead, the CNA entered in 1984 states:

> The Village of Ridgefield Park shall pay insurance benefits to employees of the Ridgefield Park Police Department with [twenty-five] years or more of service and certain employees who retired on disability pension in accordance with Schedule A attached.

Schedule A provides:

> Effective May 1st, 1984, the Village of Ridgefield Park will provide health coverage for all elig[i]ble present and future pensioners and their dependents which is provided under [the SHBP] Act.

> The conditions of this act provide[] that coverage will be provided to present and future pensioners and their dependents who retired, under the Police and Firemen's Retirement System with [twenty-five] or more years of service, as well as those employees who retire on disability pensions based on fewer years of service credited in the retirement system provided they are eligible for such coverage under the aforementioned law.

Although the successive CNAs covering the next thirty-four years incorporated these provisions,[2] Ridgefield Park never participated in the SHBP.

---

[2]  Because the PBA does not represent captains, Morton entered into a different employment agreement that entitled him to the same "fringe benefits" including medical coverage as other full-time employees of Ridgefield Park.

Instead, it provided health benefits to employees and retirees either through a self-funded plan or the Bergen Municipal Employee Benefits Fund. None of the CNAs from 1980 through 2018 incorporated a specific provision requiring Ridgefield Park to reimburse retirees for their spouses' Medicare Part B premiums (spouses' premiums) as reflected in the resolution.

In 2015, Connors began submitting reimbursement applications for his spouse's premiums, which Ridgefield Park denied. He raised the issue with the PBA and, in March 2019, the PBA filed a grievance challenging Ridgefield Park's denial. The parties selected an arbitrator and scheduled a hearing date in February 2020, which was adjourned because Ridgefield Park and the PBA were in negotiations to extend their existing CNA.

On March 19, 2020, the parties entered into a memorandum of agreement (MOA) wherein the PBA agreed to withdraw the grievance "in [its] entirety and with prejudice" and agreed "not to grieve the retiree health benefits issue in the future." The MOA also provided that future CNAs would remove any reference to the SHBP. Accordingly, the subsequent CNA, which covered 2019 through 2024, explicitly stated Ridgefield Park "shall not be responsible for reimbursing any retiree for the Medicare Part B premiums incurred on behalf of his/her spouse or other dependents."

5

Six months later, the PBA issued a letter to all retired members informing them: "For those of you who are unaware, as per the contract at the time of your retirement, you are all eligible for Medicare Part B. If you are already enrolled with Medicare Part B, you are entitled to reimbursement from the Village." Plaintiffs, except for Forsythe and Morton, submitted vouchers seeking reimbursement for their spouses' Medicare Part B premiums.[3]

Plaintiffs then filed a complaint in Superior Court seeking to compel Ridgefield Park to reimburse spouses' premiums. Upon completion of discovery, the parties cross-moved for summary judgment. On August 31, 2022, Judge Robert C. Wilson denied plaintiffs' motion, granted defendant's motion and dismissed the complaint with prejudice.

In its written opinion, the court first noted the SHBP "permits, but does not require, public employers to participate in the SHBP and reimburse retirees and their spouses for Medicare Part B premiums." A non-state public employer

> upon the adoption and submission to the division of an appropriate resolution prescribed by the commission, may pay the premium or periodic charges for the benefits provided to a retired employee and the employee's dependents covered under the program, . . .

---

[3] Forsythe's and Morton's spouses were not eligible for Medicare until 2019, after the MOA was executed. They did not seek reimbursement but were presumably named plaintiffs in the complaint as to Count II, which seeks declaratory judgment—anticipatory breach of contract.

and may also reimburse the retired employee for the employee's premium charges under Part B of Medicare covering the retired employee and the employee's spouse.

[N.J.S.A. 52:14-17.38(b)(1).]

Although Ridgefield Park adopted the resolution in 1984 memorializing its decision to provide health care through the SHBP and incorporated Schedule A in subsequent CNAs, it never filed the requisite documents with the SHBC and took no further action to enroll in the SHBP. Thus, the trial court found "the language included in the [CNAs] referencing the SHBP had no effect" and rejected plaintiffs' argument that Ridgefield Park intended to provide the same benefits as afforded under the SHBP. The court also noted none of the plaintiffs had sought reimbursement until they received the PBA's advisement letter.

The court then addressed plaintiffs' claim Ridgefield Park should be equitably estopped from refusing to reimburse for spouses' premiums. It found Ridgefield Park never represented it would reimburse plaintiffs for spouses' premiums and plaintiffs never relied on any alleged representation to their detriment; therefore, plaintiffs failed to establish the grounds for equitable estoppel.

Lastly, the court addressed plaintiffs' argument they were entitled to reimbursement for spouses' premiums because the CNA at the time they retired

7

provided for reimbursement. First, the judge reiterated his finding that none of the CNAs required Ridgefield Park to reimburse spouses' premiums. The judge then noted "retiree health benefits are not vested for life unless the collective bargaining agreements expressly state so," citing M&G Polymers USA, LLC v. Tackett, 574 U.S. 427, 442 (2015). After reviewing the CNA in effect at the time of each plaintiff's retirement, the court determined none contained a provision vesting retirees' health benefits for life. Thus, even if a prior CNA had provided for reimbursement, the benefit would have applied only to that CNA term because it was not specifically vested. Therefore, the court determined the most recent CNA governed the terms of plaintiffs' health benefits, and that CNA expressly provided retirees were not entitled to reimbursement for spouses' premiums.

The court also found the PBA, through the MOA settling plaintiffs' grievance, agreed to dismiss the grievance and not to bring similar grievances in the future regarding reimbursement of spouses' Medicare Part B premiums. Thus, the court found the matter was resolved through the MOA and plaintiffs were contractually barred from bringing a suit raising the same issue.

In this appeal, plaintiffs raise a single issue for our consideration:

> PURSUANT TO THE COLLECTIVE NEGOTIATIONS AGREEMENT THE VILLAGE

 A-0256-22

REIMBURSES RETIREES AND SPOUSES MEDICAL BENEFITS UP TO MEDICARE AGE, BUT ARBITRARILY REFUSES TO REIMBURSE RETIREES' SPOUSES FOR MEDICARE PART B COSTS.

We review the trial court's grant or denial of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022); Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). The appellate court considers "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The trial court's interpretation of a contract is also reviewed de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018); Kieffer v. Best Buy, 205 N.J. 213, 222 (2011).

Having reviewed the record in light of the applicable standards, we affirm substantially for the reasons set forth in Judge Wilson's well-reasoned decision. We add the following comments.

Although Ridgefield Park apparently intended to join the SHBP, it never took any action to do so and instead provided health insurance to employees and

9

retirees through other plans.  We agree with the trial court that any reference to the SHBP in the CNAs had no effect.  Even if we construe the CNAs to require Ridgefield Park to provide insurance coverage comparable to the SHBP, as plaintiffs urge us to do, the town nevertheless would not be compelled to reimburse spouses' premiums because this benefit is discretionary.  Pursuant to N.J.S.A. 52:14-17.28(b)(1), an

> employer other than the State . . . may pay the premium or periodic charges for the benefits provided to a retired employee and the employee's dependents covered under the program . . . and may also reimburse the retired employee for the employee's premium charges under Part B of Medicare covering the retired employee and the employee's spouse.

Contrary to plaintiffs' contentions, these clauses are independent of each other, and the town's decision to reimburse retirees' premiums does not amount to partial performance requiring them to reimburse for spouses' premiums, which it has never done.

We also agree with the judge's finding that because none of the CNAs in place at the time of each plaintiff's retirement created a vested interest in retiree benefits, the most recent CNA controls.  Accordingly, the 2019-2024 CNA, which explicitly states retirees are not entitled to reimbursement of their spouses' Medicare Part B premiums, is dispositive of the issue.

A-0256-22

Because plaintiffs' claims fall short on their merits, we need not address whether plaintiffs were contractually barred or estopped from bringing the complaint because of the MOA. To the extent we have not expressly addressed any issues raised by plaintiffs, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0256-22