**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2934-24

A2Z DIAGNOSTICS, LLC,

    Plaintiff-Respondent,

v.

ANTOINETTE GASTON, Ph.D.,
LLC,

    Defendant,

and

ANTOINETTE GASTON, Ph.D.,

    Defendant-Appellant.

_____

Submitted April 23, 2026 – Decided April 30, 2026

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2082-22.

Antoinette Gaston, self-represented appellant.

Hanlon Niemann & Wright, PC, attorneys for respondent (Richard C. Sciria, of counsel and on the brief; Elizabeth M. Hobbs, on the brief).

PER CURIAM

Defendant Antoinette Gaston, Ph.D. appeals from a March 31, 2025 judgment granted in favor of plaintiff A2Z Diagnostics, LLC. We affirm.

In 2021, plaintiff contacted defendant to procure equipment, including a Thermo Fisher KingFisher extractor for its business. The parties entered a contract embodied in an invoice, which included a $45,000 purchase price for the extractor. The invoice stated the equipment sold, including the "KingFisher instruments . . . are sold AS IS. The instruments have been verified to be in good working order at the time of crating by the service engineer."

Before the extractor was crated and shipped, plaintiff learned it was an outdated model, which could not be serviced. Plaintiff requested a refund and defendant not ship the extractor. Defendant did not respond to plaintiff's messages, shipped the extractor, and refused to accept a return when plaintiff shipped the equipment back to defendant.

Plaintiff sued defendant for: breach of contract; breach of the covenant of good faith and fair dealing; unjust enrichment; conversion; common law fraud; and consumer fraud. Defendant's answer denied all claims and raised various

2

affirmative defenses, including a lack of personal jurisdiction. She also asserted counterclaims against plaintiff.

Judge Andrea Marshall conducted a two-day trial and made detailed fact-findings and conclusions of law. She heard testimony from one of plaintiff's co-owners and its medical director as well as from defendant. Several exhibits were admitted into evidence. Both parties were represented at trial. The judge decided every evidentiary objection made by counsel.

The co-owner explained plaintiff became involved in COVID-19 (COVID) testing at its clients' requests and because its anatomic pathology business was essentially shut down due to pandemic-related closures. As a result, plaintiff sought to buy equipment to perform and expand COVID testing due to the advent of the Omicron variant.

The co-owner testified the contract required the equipment to be in good working order prior to its receipt, meaning the machine could be used for its intended purposes. He explained it was important to have equipment with an emergency use authorization (EUA) because it was a condition of the Food and Drug Administration (FDA). Although plaintiff represented the equipment complied with EUA protocols, she delayed sending the extractor's serial number

3

to enable plaintiff to verify if it could be serviced. She then sent the wrong serial number before ultimately providing the correct one.

Plaintiff's investigation revealed the extractor could not be serviced because it was outdated. The medical director confirmed the extractor was not EUA-compliant.

Plaintiff emailed defendant directing her not to ship the extractor and requested a refund. Defendant never responded to this or subsequent communications from plaintiff. Plaintiff received the extractor and promptly paid to return it to defendant, who refused to accept the return.

Defendant testified the as-is provision of the contract meant a purchaser was buying a product in its current state and there were no refunds. She understood "good working order" to mean the product would work for its intended purposes. Defendant had no proof the extractor was verified to be in good working order. Contrary to plaintiff's assertions, defendant denied discussing a specific KingFisher unit, but admitted she spoke with the co-owner about using the unit for COVID testing.

The judge found the co-owner's and the medical director's testimony credible. Defendant was also credible, "but at times[] contradicted her own testimony and became argumentative and dismissive." The judge found

A-2934-24

defendant's testimony she did not discuss a specific KingFisher unit with plaintiff "notable" because "all [the] testimony supports that [plaintiff] was focused on procuring additional tests to expand [its COVID] testing due to the Omicron variant." Defendant also denied there were discussions about the equipment being EUA-approved, but the judge doubted the veracity of this testimony because defendant "hesitated with this response and her voice was weaker than with her other testimony." She initially testified she did not advise the co-owner which model of KingFisher plaintiff was purchasing but then could not recall what was said and gave a vague response.

The judge found the evidence supported plaintiff's claim it advised defendant it "sought to purchase EUA-approved equipment because [plaintiff] needed a testing platform approved by the FDA to expand [its COVID] testing." She found "the parties had a conversation about EUA protocols, and [plaintiff] sought to ensure the equipment [it was] purchasing met the current EUAs for [COVID] testing."

The judge concluded there was no breach because the contract neither "identif[ied] a particular [KingFisher] model nor require[d] that the extractor meet EUA testing protocols." Because the equipment was sold as-is, it excluded implied warranties. However, the contract contained "an express warranty that

. . . the instruments ha[d] been verified to be in good working order at the time of crating by the service engineer."  Defendant breached the contract because she "failed to provide plaintiff with a verification that the extractor was in good working order at the time [of] crating," let alone "at any time."

The judge concluded the breach damaged plaintiff because it lost the benefit of its bargain.  "[T]he unrefuted testimony of [the co-owner] is that the extractor had a $0 value due to its age and the inability to obtain parts or a service contract."  The evidence showed "Thermo Fisher was not able to service the extractor because it was an old, discontinued model" and plaintiff's damages could not be mitigated by selling the extractor.  The judge quantified plaintiff's damages as the $45,000 purchase price of the extractor, $950 it incurred in shipping after purchase, and $1,452.60 in return shipping.

The judge addressed and dismissed the balance of plaintiff's claims as well as defendant's counterclaims, which findings we need not repeat here.  She entered judgment in favor of plaintiff for $47,402.60.

I.

"Our review of a judgment following a bench trial is limited." Accounteks.Net, Inc. v. CKR L., LLP, 475 N.J. Super. 493, 503 (App. Div. 2023).  We defer to the trial court where it "heard the witnesses, sifted the

6

competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015). "Because a trial court 'hears the case, sees and observes the witnesses, [and] hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses.'" Cesare v. Cesare, 154 N.J. 394, 412 (1998) (alteration in original) (quoting Pascale v. Pascale, 113 N.J. 20, 33 (1988)) (internal quotation marks omitted). "[F]indings [of fact] by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12.

Similarly, evidentiary rulings are reviewed under a deferential standard and reversed only where there is a "clear error in judgment." State v. Medina, 242 N.J. 397, 412 (2020) (quoting State v. Scott, 229 N.J. 469, 479 (2017)). We will not substitute our own judgement on such issues unless the ruling "was so wide of the mark that a manifest denial of justice resulted." State v. Marrero, 148 N.J. 469, 484 (1997) (quoting State v. Kelly, 97 N.J. 178, 216 (1984)).

"A trial court's interpretation of the law and the legal consequences that flow from established facts are [also] not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Likewise, contract interpretation issues are reviewed de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018).

II.

Defendant contends the trial judge erred because she relied on parol evidence, rather than construing the plain terms of the contract. She claims the finding plaintiff was damaged was error because the contract expressly disclaimed any warranties. The judge's finding of an express warranty vitiated the as-is clause of the contract and constituted a mistaken application of law. The contract was more than just an as-is transaction; it contained provisions barring returns, refunds, and warranties, which the judge ignored. The judge also erred because she admitted prejudicial hearsay in violation of the Rules of Evidence. As a result, the breach and damages findings lacked evidential and legal support. Defendant also claims the court lacked personal jurisdiction over her and the judgment is void.

Having considered these arguments under their appropriate standards of review, we affirm substantially for the reasons expressed in Judge Marshall's thorough and well-reasoned oral opinion. The judgment is based on findings of fact, which are amply supported by the evidence in the record. R. 2:11-3(e)(1)(A). Defendant's arguments challenging the judge's findings of fact and conclusions of law lack sufficient merit to warrant discussion in a written

opinion.  <u>R.</u> 2:11-3(e)(1)(E).  We add the following comments to address the personal jurisdiction issue and the alleged admission of improper hearsay.

A.

Defendant has not provided the transcript or order denying her motion to dismiss for lack of jurisdiction as required by the Rules of Court.  <u>R.</u> 2:5-4(a); <u>R.</u> 2:6-1(a)(1)(C).  This prevents us from reviewing the sufficiency of the judge's rulings on this issue.  <u>Cipala v. Lincoln Tech. Inst.</u>, 179 N.J. 45, 55 (2004).

Regardless, personal jurisdiction is both general and specific.  <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 127 (2014); <u>Lebel v. Everglades Marina, Inc.</u>, 115 N.J. 317, 322 (1989).  Specific jurisdiction is relevant here and it exists where a party "purposefully avails" itself of the benefits of a State.  <u>Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.</u>, 592 U.S. 351, 359 (2021) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)).  This typically arises in business matters or when a defendant enters a contract with a party in the State.  <u>Ibid.</u>

In considering whether a finding of personal jurisdiction comports with the "traditional notions of fair play and substantial justice," the Supreme Court has enumerated several factors:  the defendant's burden, the forum State's interest, the plaintiff's interest, and whether the defendant "should reasonably anticipate being haled into court there."  <u>D.T. v. Archdiocese of Philadelphia,</u>

9

260 N.J. 27, 44-45 (2025) (first quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); and then quoting Lebel, 115 N.J. at 324). A defendant's conduct is the determining feature in deciding whether it was foreseeable to be "haled into court." D.T., 260 N.J. at 45 (quoting Lebel, 115 N.J. at 324).

There is ample evidence to support the exercise of specific personal jurisdiction over defendant. Defendant was not burdened by dealing with this litigation in New Jersey. She hired counsel who vigorously defended her, brought claims on her behalf, and tried the case to a conclusion. Jurisdiction was also proper to enable plaintiff to vindicate its interests in our courts, without having to do so in another jurisdiction lacking ties to the case.

The exercise of personal jurisdiction comported with traditional notions of fair play and substantial justice. Defendant entered the contract with plaintiff, a New Jersey entity, and purposefully availed herself of the benefits of doing business in this State. Ford Motor Co., 592 U.S. at 359. She shipped the equipment to New Jersey and received payment from plaintiff. For these reasons, we reject her personal jurisdiction argument.

B.

It is understood hearsay evidence is inadmissible unless an exception applies. N.J.R.E. 802. One of those exceptions include statements of a party-

opponent. N.J.R.E. 803(b)(1). As part of the deference accorded judges in making evidentiary decisions during bench trials, we have long observed they are "capable of sorting through admissible and inadmissible evidence without resultant detriment to the decision-making process." State v. Kern, 325 N.J. Super. 435, 444 (App. Div. 1999).

Defendant claims the judge improperly admitted hearsay when she permitted the co-owner to testify about what a Thermo Fisher representative said to him about the extractor. Although the judge sustained defense counsel's hearsay objection, defendant asserts she did not strike the statement from the record, and the judge's findings referenced the hearsay.

We are unpersuaded. The co-owner twice testified to the hearsay statement made by the Thermo Fisher representative and on both occasions the judge sustained the defense's objections. The judge did not rely upon the hearsay and instead concluded defendant was in breach based on defendant's admission she did not personally verify the extractor was in good working order before shipping it to plaintiff. This evidence was properly admitted under N.J.R.E. 803(b)(1) and our review of the trial transcripts as a whole reveals no prejudicial evidentiary error warranting our intervention.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2934-24