NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3255-24

VLINK, INC.,

    Plaintiff-Respondent,

v.

PRAXIS CONSULTANTS INC.,

    Defendant-Appellant.

_____

        Submitted April 14, 2026 – Decided June 22, 2026

        Before Judges Gooden Brown and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0226-24.

        Douglas J. Kinz, attorney for appellant.

        Giordano, Halleran & Ciesla, PC, attorneys for respondent (Donald F. Campbell, Jr. and Steven W. Ward, on the brief).

PER CURIAM

Defendant, Praxis Consultants, Inc., appeals from a June 12, 2025 Law Division order entering judgment in favor of plaintiff VLink, Inc., for amounts due under a contract between the parties for temporary staffing services. Specifically, the contract required plaintiff, a Connecticut information technology (IT) consulting and staffing company, to provide to defendant, a New Jersey IT staffing company, the use of its employee, Surya Senthamaraikanna, for placement with defendant's end client, Abacus Insights, located in Massachusetts. Under the contract, defendant was obligated to pay plaintiff directly for the employee's services.

On appeal, defendant argues the court erred in finding plaintiff eligible to recover payment from defendant because plaintiff was required but failed to first register with the Attorney General's Office as a "temporary help service firm operating within the State of New Jersey," as required by N.J.S.A. 56:8-1.1. Specifically, defendant asserts plaintiff was barred from pursuing any outstanding fees because New Jersey's Private Employment Agency Act (the Act), N.J.S.A. 34:8-43 to -66, in relevant part, prohibits "temporary help service firms" from "collection of a fee, charge or commission for the performance of any of the activities regulated by this act without alleging and proving licensure or registration, as appropriate, at the time the alleged cause of action arose."

2

Having considered the record and applicable legal principles, we vacate the Law Division's order and remand for further proceedings in accordance with this decision.

I.

The relevant facts are largely undisputed. In May 2021, the parties entered into a "Master Sub Consulting Agreement" (MSA) through which plaintiff agreed to provide consultants to defendant, and defendant agreed to place them with its clients by making individual purchase order agreements (POA) with plaintiff. The MSA made no reference to where staff would be ultimately assigned, but specified the agreement "shall be governed by and construed in accordance with the laws of New Jersey." Further, paragraph 9(c) of the MSA provided, "If any portion of this agreement is determined by any court of competent jurisdiction or caused by federal or state action to be wholly or partially unenforceable, for any reason, such unenforceability shall not affect the balance proof."

On the day they entered the MSA, the parties executed a specific POA. The first paragraph of the POA stated: "Contractor [plaintiff], Office Address: 701 John Fitch Blvd., South Windsor, CT 06074 . . . contracted to perform work for [defendant] Office Address: 33 Wood Avenue South, Suite 600, Iselin, NJ

08830 Beginning [05/14/2021]." The POA further set forth the terms of monthly invoicing from plaintiff to defendant and set payment terms.

The POA agreement specified plaintiff would provide Senthamaraikanna for placement in the position of "senior data developer," for defendant's "client," Abacus Insights. Defendant agreed to pay plaintiff $70 for every hour Senthamaraikanna worked for Abacus Insights for a duration of "[six-plus] months." Plaintiff asserts, and defendant does not dispute, Senthamaraikanna never resided or worked in New Jersey, and, instead, reported to and worked for Abacus Insights in Boston.

Sometime after Senthamaraikanna commenced work, defendant defaulted on its payment obligations to plaintiff. The total amount of the unpaid invoices equaled $38,080.

Plaintiff filed a complaint against defendant, alleging breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment, and seeking damages in the amount of $38,080 plus costs of suit and attorneys' fees. Defendant filed an answer and counterclaim, asserting a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -210, claiming it incurred $182,280 in compensatory damages, which was dismissed upon plaintiff's motion.

4

Plaintiff then moved for summary judgment and defendant cross-moved for summary judgment. The court denied both motions as they were untimely and returnable within thirty days of the trial date.[1]

The parties next appeared before the court for a bench trial. At the outset of the proceedings, the parties represented there were no material facts in dispute requiring testimony and requested the court proceed with oral argument and decide the matter "based on the undisputed facts and the applicable law." Plaintiff then framed the singular issue before the court as whether plaintiff was required to be "registered in New Jersey" under the Act to collect payment from defendant pursuant to the POA.

Plaintiff disputed the applicability of Accountemps Div. of Robert Half of Philadelphia, Inc. v. Birch Tree Grp., Ltd., 115 N.J. 614 (1989) (holding an out-of-state entity that placed an employee permanently in New Jersey was required to register under the Act). Plaintiff asserted this matter's only connection to New Jersey was defendant's status as a New Jersey corporation, because plaintiff, based in Connecticut, placed Senthamaraikanna in Massachusetts, and she "never stepped foot in New Jersey." Plaintiff therefore argued it was not

---

[1] See R. 4:46-1 ("All motions for summary judgment shall be returnable no later than [thirty] days before the scheduled trial date, unless the court otherwise orders for good cause shown . . . .").

required to register under the Act and may pursue an action to collect the amount of the unpaid invoices.

Defendant countered, arguing the question of whether plaintiff was required to register hinged on whether that product or service was rendered or provided to or on behalf of a New Jersey entity. Citing the Act, defendant argued plaintiff was barred from bringing any action to collect amounts due under the contract because plaintiff provided services to defendant without registering in New Jersey. Defendant further argued Accountemps applied because, here, the placement was through and for the benefit of defendant, a New Jersey company.

The court rendered its oral decision on May 2, 2025, finding in favor of plaintiff. The court referenced paragraph 9(c) of the parties' MSA, a severability clause, which read: "If any portion of this agreement is determined by any court of competent jurisdiction or caused by federal or state action to be wholly or partially unenforceable, for any reason, such [un]enforceability shall not affect the balance proof." Relying exclusively upon that language, the court found it reflected the parties' intent "to be bound by the financial terms of the contract, even if all or a portion of the contract w[as] later determined to be unenforceable." The court thus concluded "defendant w[as] . . . obligated to make plaintiff [financially whole] and to provide payment in full under the terms

6

of the [MSA] between the parties," even if "a portion of th[e] agreement [was] found to be unlawful."

Based on this finding, the court determined the issue of plaintiff's failure to register under the Act was "irrelevant" and entered judgment in plaintiff's favor for the amount of $38,080.  Accordingly, the judge entered a "verdict in favor of [plaintiff]" and on June 12, 2025, awarded judgment against defendant in the amount of $38,080 without costs.

## II.

### A.

On appeal, defendant argues the court's judgment must be vacated, as plaintiff is barred from bringing suit for fees under the Act, and the trial court erroneously bypassed the dispositive preliminary issue by improperly relying on the unenforceable severability language, which could not, as violative of public policy, obviate plaintiff's licensing requirement.  Defendant asserts, although plaintiff is incorporated in Connecticut, it was still required to register in New Jersey as "the Act applies to all out-of-state employment agencies and temporary help service firms [that] provide services to New Jersey employers . . . [and] employees."

A-3255-24

In opposition, plaintiff asserts that it need not register because it did not operate in New Jersey; rather, it acted as "merely an intermediary to the end client located in Massachusetts." Alternatively, plaintiff argues that, even if it were required to register, paragraph 9(c) of the MSA requires performance if "all or a portion of the [MSA]" was later determined to be unenforceable.

B.

We review de novo questions of law and issues regarding the applicability, validity, or interpretation of laws, statutes, or rules. See State v. Fuqua, 234 N.J. 583, 591 (2018); see also Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (noting "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995))). We also review questions of contract interpretation de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018); Kieffer v. Best Buy, 205 N.J. 213, 222 (2011).

"The Act is a regulatory measure intended to alleviate abuses in the employment-agency industry." Accountemps, 115 N.J. at 623. The purpose of the Act is to regulate "the operation of persons offering, promising, attempting to procure and/or supplying, procuring, obtaining or assisting in procuring or

obtaining employment or personnel services or products in the State of New Jersey." N.J.A.C. 13:45B-1.1(a). Its scope applies to "any person engaging in any of the activities regulated by [the Act], including persons whose residence or principal place of business is located outside of this State." N.J.A.C. 13:45B-1.1(b). Operating as a "temporary help service firm" is one such activity. See N.J.S.A. 34:8-43. The Act defines "temporary help service firm" as

> any person who operates a business which consists of employing individuals directly or indirectly for the purpose of assigning the employed individuals to assist the firm's customers in the handling of the customers' temporary, excess or special work loads, and who, in addition to the payment of wages or salaries to the employed individuals, pays federal social security taxes and State and federal unemployment insurance; carries worker's compensation insurance as required by State law; and sustains responsibility for the actions of the employed individuals while they render services to the firm's customers.
>
> [N.J.S.A. 34:8-43.]

In furtherance of the Act's remedial purpose, N.J.S.A. 56:8-1.1 requires "[e]ach temporary help service firm operating within the State of New Jersey" to register with the Attorney General and N.J.S.A. 34:8-52 prohibits any person from "perform[ing] any of the functions of an employment agency" without obtaining licensure from the director of the Division of Consumer Affairs.

Registration or licensure under the Act is a condition precedent to maintaining a claim for monetary damages. Specifically, the Act prohibits any action in this State "for the collection of a fee, charge or commission for the performance of any of the activities regulated by this act without alleging and proving licensure or registration, as appropriate, at the time the alleged cause of action arose." N.J.S.A. 34:8-45(b). This provision reflects "a legislative mandate which precludes otherwise possibly meritorious causes of action in order to insure enforcement of a statutory scheme which serves the greater good." Data Informatics, Inc. v. AmeriSOURCE Partners, 338 N.J. Super. 61, 80 (App. Div. 2001).

Here, the parties entered into an MSA for the placement of plaintiff's employees without reference to their end-location. Had defendant placed one of those employees in this State, there would be no doubt plaintiff's claim would be barred due to its failure to register. Although Senthamaraikanna was placed in Boston, defendant argues plaintiff "procured," "obtained," and "supplied" her temporary services for use and placement by defendant, a New Jersey corporation, which is conduct regulated by the Act. See N.J.A.C. 13:45B-1.1(a). Defendant asserts it is of no moment that Senthamaraikanna's assignment was outside of New Jersey, because plaintiff's action arises from its agreement with

defendant, a New Jersey corporation, supplying employees for placement by defendant. Further, the parties' expressly set forth in the MSA that New Jersey law would govern the contract.

Although plaintiff conceded its failure to register in New Jersey, the trial court never addressed the threshold question of whether the Act bars plaintiff's ability in these circumstances to "bring or maintain an action in any court of this State for the collection of a fee, charge or commission for the performance of any of the activities regulated by this [A]ct." N.J.S.A. 34:8-45(b). We thus conclude it was improper for the court to grant judgment in favor of plaintiff without first deciding this controlling issue.

Here, the court's reliance on the MSA's severability provision was error. Critically, "[o]ur courts have consistently held that public policy precludes enforcement of a contract entered into in violation of [a] licensing statute." Accountemps, 115 N.J. at 626; see also Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 536 (App. Div. 2009) ("A contract is unenforceable where contrary to public policy." (Citing Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 138 (1977))). This is especially true "in the face of a significant regulatory scheme designed to protect not only employees and employers, but the public as well." Data Informatics, 338 N.J.

Super. at 79.  Plainly stated, the parties could not lawfully contract to bypass the Act's mandates, if applicable in these circumstances.

Accordingly, we vacate the court's order granting judgment in favor of plaintiff, and we remand for further proceedings to determine the applicability of the Act to the circumstances presented here.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3255-24