**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1182-22

STATE OF NEW JERSEY
by the COMMISSIONER OF
TRANSPORTATION,

      Plaintiff-Respondent,

v.

NICK WU, a/k/a SZU FU WU,
and DAISY GARDEN CENTER,
LLC, a New Jersey Limited
Liability Company,

      Defendants-Appellants,

and

DISCOVER PRODUCTS, INC.,
a Utah Corporation, STATE OF
NEW JERSEY, DEPARTMENT
OF TREASURY, and TOWNSHIP
OF HILLSBOROUGH, in the
COUNTY OF SOMERSET, a
Municipal Corporation of New Jersey,

      Defendants,

and

OUIDA VENIS, a/k/a QUIDA
VENIS,

      Defendant-Respondent.

_____

Submitted February 26, 2024 – Decided May 2, 2024

Before Judges Gilson and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law
Division, Somerset County, Docket No. L-0187-21.

Steven P. Lombardi, attorney for appellants.

McKirdy, Riskin, Olson & Della Pelle, PC, attorneys
for respondent Ouida Venis (Joseph W. Grather, of
counsel and on the brief).

PER CURIAM

This appeal arises out of a condemnation action brought by the New Jersey

Department of Transportation (the DOT) to take a portion of property currently

owned by defendant Nick Wu and formerly owned by defendant Ouida Venis.

The issue on appeal involves a dispute between Wu and Venis concerning the

apportionment of the condemnation proceeds.

The DOT paid $95,000 for the condemned property and deposited that

amount with the court. Wu and a limited liability company he owns, Daisy

Garden Center, LLC (the Garden Center), appeal from an amended October 5,

2022 order allocating $70,700, plus interest, to Venis and $24,300, plus interest,

to Wu. Wu and the Garden Center also appeal from orders dated June 25, 2021, and December 2, 2022.[1] The December 2, 2022 order denied Wu's and the Garden Center's motion for reconsideration of the October 5, 2022 order. Because we discern no basis to reverse or modify any of the orders from which Wu and the Garden Center appeal, we affirm.

I.

On April 8, 2005, Wu and Venis entered into an agreement for sale of real estate (the Contract), under which Venis agreed to sell to Wu a property located at 181 Route 206 North, Hillsborough, New Jersey (the Property). At the time the Contract was executed, Venis and Wu were aware that the DOT was seeking to condemn a portion of the Property to construct a bypass and widen Route 206, a public highway. In that regard, prior to the execution of the Contract, the DOT had provided Venis with an estimate of the fair market value of the portion of

---

[1] In their brief, Wu and the Garden Center list a May 25, 2021 order as another order they are appealing. We note, however, that the order was executed before the court granted an adjournment and then issued a June 25, 2021 order addressing both Venis' motion to withdraw the funds and Wu's and the Garden Center's cross-motion. Because Wu and the Garden Center do not present any arguments about the May 25, 2021 order in their appellate brief, we deem any challenge to that order abandoned and waived. See Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (quoting Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 319 (App. Div. 2017)).

A-1182-22

the Property to be condemned. That estimate valued the condemned portion of the Property at $24,300, based on assessments that the land was worth $18,100, the improvements were worth $4,850, and the lost value to the remainder of the Property was $1,350.

In the Contract, Wu and Venis included a condemnation clause. The condemnation clause included a section addressing how proceeds from the condemnation would be allocated. In that regard, section 10.2 of the Contract stated:

> Notwithstanding Sections 1.2 and 10.1, Purchaser acknowledges that the New Jersey Department of Transportation (the "DOT") has provided notice of a taking of frontage on Route 206 and has offered compensation to Seller of $24,300.00. Purchaser agrees that Purchaser has no right to terminate this Agreement as a result of this taking. The Seller reserves the right to challenge the award and/or negotiate with the DOT for additional compensation. To the extent that such negotiations extend beyond the Closing Date, Purchaser agrees as necessary to appoint Seller as Purchaser's agent for this purpose. The sum of $24,300, as and when paid by the DOT, shall belong to Purchaser. All sums payable by the DOT in excess of $24,300 shall be the property of Seller; Purchaser agrees to promptly remit all such excess sums to Seller should the excess sums be remitted by the DOT to Purchaser. If the award is paid to Seller before the Closing date, the Purchase Price shall be reduced by $24,300.

A-1182-22

The State did not complete the condemnation and taking prior to the closing of the Contract and the sale of the Property. The record does not indicate what, if any, efforts plaintiff made to negotiate a higher condemnation compensation. Instead, it is undisputed that the DOT did not move forward with the condemnation of the portion of the Property until 2019.

In the interim, approximately five years after the sale of the Property, Wu's counsel wrote to Venis' counsel to inquire about the status of the condemnation and whether Venis had been paid compensation. In that correspondence, counsel for Wu stated: "Pursuant to Paragraph 10.2 of the Contract of Sale, once the Seller has settled with [the] DOT, the Purchaser was entitled to receive the sum of $24,300.00." Counsel for Venis responded by representing that the condemnation had not occurred and Venis had not received any compensation from the DOT as of that time.

In September 2019, the DOT sent Wu a letter offering to purchase a portion of the Property for $95,000. The letter included an updated appraisal, which valued the portion of the Property the DOT sought to acquire based on a valuation of the land at $47,000; a valuation of the improvements at $7,900; and a valuation of the loss to the remainder of the Property at $40,100. Shortly thereafter, Wu accepted the DOT's offer, and on January 17, 2020, after

receiving approval from the Commissioner of Transportation, the DOT signed an agreement to acquire the portion of the Property for $95,000.

The sale from Wu to the DOT did not immediately go forward. In February 2021, the DOT filed a verified complaint and order to show cause to enforce the January 2020 agreement of sale. In its complaint, the DOT stated that it was unable to acquire the portion of the Property through bona fide negotiations because Wu failed to close title. Accordingly, the DOT sought to estop Wu from seeking compensation greater than the agreed-upon amount of $95,000.

While that action was pending, the DOT learned of Venis' interest in the Property, and it amended its complaint to add Venis as a defendant. Thereafter, the court executed a supplemental order to show cause and directed that the $95,000 be deposited with the clerk of the court.

Wu did not object to the estoppel count of the DOT's complaint. Consequently, on May 4, 2021, the court entered a final judgment authorizing the taking of the portion of the Property and directing that the $95,000 be paid as compensation for the portion of the Property taken.

On May 10, 2021, Venis moved to withdraw $70,700, with interest, as her portion of the proceeds from the condemnation. In support of her motion, Venis

6

sought to enforce section 10.2 of the Contract. Wu and the Garden Center cross-moved to stay the withdrawal of funds, to allow for discovery, and for a plenary hearing on the distribution of the funds.

On June 25, 2021, after hearing oral argument on the motions, the trial court entered an order and statement of reasons denying Venis' motion to withdraw the funds and Wu's request for limited discovery and a plenary hearing. Instead, the court ordered that the matter would proceed to a summary hearing to determine the distribution of the deposited funds.

Thereafter, the judge who entered the June 25, 2021 order retired, and another judge took over management of the case. A "summary hearing" was then scheduled for October 5, 2022. The hearing took place telephonically, and counsel for Venis and Wu appeared. Both attorneys informed the court that they would rely on the papers already submitted. The judge then issued an oral decision, granting Venis' motion to withdraw $70,700, plus interest, from the deposited monies. In making that ruling, the trial court relied on and incorporated the statement of reasons issued by the court in support of its June 25, 2021 order. That same day, the court entered an "Amended Order for

Withdrawal of Deposit Monies."[2]  That order directed the clerk of the court to pay $70,700, together with accrued interest, to Venis, and to pay $24,300, together with accrued interest, to Wu.

On October 24, 2022, Wu moved for reconsideration.  After receiving papers in opposition, on December 2, 2022, the court denied Wu's motion for reconsideration and issued a statement of reasons.  In the statement of reasons, the court explained that Wu had failed to satisfy the standard for reconsideration because he had not identified any legal or factual matters the court had overlooked and he had failed to demonstrate that the court's October 5, 2022 decision was palpably incorrect or irrational.

Wu and the Garden Center now appeal from the orders entered on June 25, 2021, October 5, 2022, and December 2, 2022.

## II.

On appeal, Wu makes three arguments.  First, he contends that the trial court abused its discretion in denying his request for limited discovery, arguing that there are material factual disputes concerning the appraisal supporting the

---

[2]  The October 5, 2022 order apparently sought to amend the May 25, 2021 order. The October 5, 2022 order is identical to the May 25, 2021 order except the word "Amended" was written above "Order for Withdrawal of Deposit Monies" and "May 2021" was crossed out and substituted with "October 2022."

DOT's compensation offer in 2004 and the appraisal supporting the DOT's compensation offer in 2019. Second, Wu contends that the second judge failed to follow "the law of the case," which he argues required a summary judgment motion and not a summary proceeding. Finally, Wu asserts that the trial court erred in denying his motion for reconsideration because he presented new evidence concerning disputed facts and the court had failed to make adequate factual findings and legal conclusions.

The dispute on this appeal involves the interpretation of the Contract. When interpreting a contract, appellate courts conduct a de novo review. Serico v. Rothberg, 234 N.J. 168, 178 (2018); JPC Merger Sub LLC v. Tricon Enters., Inc., 474 N.J. Super. 145, 159-60 (App. Div. 2022). In interpreting a contract, courts start with the plain language. Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 615-16 (2020). Courts enforce contracts based on the intent of the parties, the contract's express terms, the surrounding circumstances, and the contract's purpose. Ibid. "[W]hen the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Id. at 616 (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)). In other words, courts enforce

contracts as written and do not "make a better contract for either party." Graziano v. Grant, 326 N.J. Super. 328, 342 (App. Div. 1999).

Section 10.2 of the Contract is clear and unambiguous. It states that if the condemnation takes place after the sale of the Property from Venis to Wu, Wu will receive $24,300 and Venis will receive any amount in excess of that amount. There is no time limitation in the Contract concerning the allocation of condemnation proceeds. To the contrary, the Contract stated that Venis will get any amount beyond $24,300 "as and when paid by the DOT." Nor is there any provision allowing for a modification based on any change in the DOT's appraisal of the portion of the Property to be condemned and taken.

Accordingly, we reject Wu's first argument that the trial court abused its discretion in denying limited discovery. See Davis v. Disability Rts. N.J., 475 N.J. Super. 122, 140-41 (App. Div. 2023) (explaining that an appellate court reviews a trial judge's discovery order for an abuse of discretion and will only reverse a discovery order "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis"). Wu argues that the different appraisals provided by the DOT in 2004 and in 2019 raise material issues of disputed fact. A change in the appraisal value does not raise any disputed issues of material fact. The Contract

does not allow for an adjustment of the agreed-upon allocation in favor of Wu based on a change in the appraisal provided by the DOT. To the contrary, the Contract stated that Venis could seek to increase the compensation to be paid by the DOT and that anything above $24,300 would be paid to her. There is no provision in the Contract allowing an adjustment in favor of Wu. In short, discovery would not provide anything to support Wu's contentions. To allow a revision to the Contract would be to effectively rewrite the Contract in Wu's favor, which is something a court will not do. See Lucier v. Williams, 366 N.J. Super. 485, 491 (App. Div. 2004).

We also reject Wu's argument concerning the law of the case. The June 25, 2021 order did not mandate a summary judgment motion. Instead, it expressly stated that the matter would proceed as "a summary hearing." In the accompanying statement of reasons, the court described Venis' application as one seeking summary judgment, but that statement did not create a legally binding ruling that required a summary judgment motion. Instead, the trial court proceeded consistent with the governing Court Rules.

Rule 4:73-9 governs the procedures for disputes concerning the allocation of condemnation proceeds once the award has been paid into court. Subsection (c) of that rule authorizes any party to "apply for withdrawal of money paid into

11

court by motion on notice to all other parties." R. 4:73-9(c). If a party disputes the withdrawal, "the moving party shall proceed under paragraph (b)" of Rule 4:73-9. Ibid. That paragraph states:

> If allocation of the proceeds of an award or judgment is in dispute, the same shall be tried only after the award has been paid into court or a judgment upon appeal from an award has been entered. The matter may be initiated by any party by a petition in the cause and shall proceed as a summary action under Rule 4:67.
>
> [R. 4:73-9(b) (citation reformatted).]

Rule 4:67-1 states that "all actions in which the court is permitted by rule or by statute to proceed in a summary manner" can proceed in a summary fashion, provided it appears to the court "that it is likely that the matter may be completely disposed of in a summary manner." Under Rule 4:67-5, the trial court is authorized to determine actions on the pleadings and affidavits and render final judgment if the "affidavits show palpably that there is no genuine issue as to any material fact." Alternatively, if there is a showing of a material factual dispute, the court "shall hear the evidence as to those matters which may be genuinely in issue" before rendering final judgment. R. 4:67-5.

Wu has not identified any material factual disputes. Instead, as already noted, he wants to argue that the changes in the appraisal value of the Property related to improvements he and the Garden Center made on the portion of the

Property to be condemned. Even if there is a connection between the improvements and the appraisal value, however, it is not material because the Contract does not allow for an adjustment of the allocation of the condemnation proceeds based on those changes.

Finally, we reject Wu's arguments concerning the denial of the motion for reconsideration. Wu presented no new evidence and failed to identify any palpable errors made by the trial court in the order entered on October 5, 2022. Accordingly, the trial court properly denied Wu's motion for reconsideration. See Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)); In re Belleville Educ. Ass'n, 455 N.J. Super. 387, 405 (App. Div. 2018) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)).

In summary, having considered the entire record, we discern no basis to reverse or modify any of the orders from which Wu and the Garden Center appeal. Instead, we affirm all the orders because they are consistent with the plain and governing language in the Contract.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1182-22