**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0346-23

SCOTT DIAMOND AND
EDWARD STREET
HOLDINGS, LLC,

     Plaintiffs-Appellants,

v.

WARREN DIAMOND,

     Defendant-Respondent.

_____

Argued September 10, 2024 – Decided October 10, 2024

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0977-23.

Marc J. Gross argued the cause for appellants (Fox Rothschild LLP, attorneys; Marc J. Gross and Jordan B. Kaplan, on the briefs).

Matthew K. Blaine argued the cause for respondent (Davison Eastman Muñoz Paone, P.A. attorneys; Matthew K. Blaine and Michael J. Connolly, on the brief).

PER CURIAM

Plaintiffs Scott Diamond and Edward Steet Holdings, LLC (ESH), appeal from a trial court order dismissing their complaint against defendant Warren Diamond with prejudice pursuant to Rule 4:6-2(e).[1]  After our review of the record and applicable legal principles, we affirm.

I.

The background facts and procedural history are substantially undisputed. Prior to the underlying action now under appeal, the parties were involved in a matter entitled Warren Diamond v. Edward Street Holdings, LLC and Scott Diamond, No. C-52-17 (Ch. Div. Nov. 14, 2018) (chancery action).  The record divulges the chancery action involved substantially the same factual assertions as the matter now on appeal.

In the chancery action, Scott and ESH, an entity formed by Scott to serve as a land holding company, filed a twelve-count counterclaim against Warren. At count twelve, Scott asserted a cause of action against Warren for "willfully and maliciously abus[ing] th[e] process out of the ulterior motive to unlawfully take, by deception, assets belonging to Scott worth [twelve to fifteen] million."

---

[1]  Since Scott and Warren share the same surname, we refer to them by their first names.  No disrespect is intended.

A-0346-23

Scott claimed because of Warren's "abuse of process," he and ESH suffered "irreparable damages."

The parties engaged in significant discovery in the chancery action. Immediately prior to trial, the parties negotiated a settlement and executed a consent order. The order was titled "Consent Order Dismissing Case Without Prejudice Pending the Adjudication Pending the Adjudication of the Nacirema Arbitration and Preserving All Rights, Claims, and Defenses of the Parties In the Event of a Re-Filed Action" (consent order). The consent order was signed and filed by the court on November 14, 2018.

The consent order was comprised of six paragraphs summarized in relevant part as follows. Paragraph one dismissed the chancery action without prejudice pending the adjudication of the "Nacirema Arbitration," which involved related but separate issues. Paragraph two defined the date the Nacirema Arbitration would be considered finally adjudicated. Paragraph three permitted either party within sixty days of the final adjudication of the Nacirema Arbitration to refile a separate action in the Union County Chancery Division for any of the "affirmative claims, counterclaims, and/or third-party claims that were advanced, and not dismissed, by any respective party in this action (a 'Refiled Action')." Paragraph four provided if a party "files a Refiled Action"

A-0346-23

the responding party had the option to "re-file his, her, or its defenses, affirmative claims, counterclaims, or third-party claims that were advanced and not dismissed by any respective party in this action." Paragraph five provided "[w]ith respect to a Refiled Action . . . the parties hereby preserve all rights, remedies, defenses, and claims for relief that he, she, or it asserted, were seeking to obtain, or could have obtained in [the] action," including requests for sanctions, and "any and all applicable statutes of limitation, repose, or other defenses on limitations of actions, including but not limited to laches, waiver, estoppel, res judicata, collateral estoppel, entire controversy, or any claim issue preclusion doctrine, or other time-based doctrine" that may apply to a "Refiled Action . . . shall be tolled and suspended until sixty days after the adjudication of the Nacirema Arbitration." Paragraph six provided the process for service of the order on the parties.

The Nacirema Arbitration was adjudicated on July 15, 2021. Neither party filed a Refiled Action as defined and required by paragraph three of the consent order by September 17, 2021, the end date for the sixty-day period agreed to in the order.

Approximately eighteen months later, on March 27, 2023, plaintiffs filed the subject complaint against Warren in the Law Division. A review of the

complaint demonstrates the same factual background as was substantially set forth in plaintiffs' dismissed chancery action counterclaim. The new complaint included causes of action for "Malicious Abuse of Process" and "Malicious Use of Process" against Warren.

Shortly after Warren was served with the complaint, he moved to dismiss the complaint pursuant to Rule 4:6-2(e). In his motion, Warren asserted the complaint was subject to dismissal because the consent order filed in the chancery action barred the refiling of plaintiffs' claims after the sixty-day tolling period. Warren also contended the consent order required any action to be filed in the Chancery Division rather than the Law Division. Further, he argued plaintiffs were required to file a motion under Rule 4:50-1 in the chancery action since they were, in effect, attempting to vacate the consent order and re-open that litigation. Lastly, Warren argued plaintiffs' complaint should be dismissed because it was barred by the doctrines of waiver and judicial estoppel.

Plaintiffs asserted the consent order from the chancery action only addressed the tolling of the statute of limitations for the claims included in that action and the order was not a final order since it only dismissed the parties' claims and defenses without prejudice. Therefore, because plaintiffs' counterclaims in the chancery action were not dismissed with prejudice pursuant

5

to the terms of the consent order, their two count Law Division complaint asserting "new causes of action" was not a Refiled Action, was not barred by the consent order, and should not be dismissed. Plaintiffs' opposition also argued the doctrines of judicial estoppel and waiver were not applicable.

After oral argument, the trial court rendered a detailed written decision granting Warren's motion and entered an order dismissing plaintiffs' complaint with prejudice. In its decision, after setting forth the applicable legal standards of Rule 4:6-2(e), the court found the "consent order was an agreement between the parties approved by the court." The court further found the consent order "operates as a contract between the parties" and courts must "examine the plain language of the [order] and the parties' intent, as evidenced by the contract's purpose and surrounding circumstances." The court found "simply put, the main issue here is whether the language of the [c]onsent [o]rder precludes the filing of plaintiff Scott's . . . complaint."

After accurately reciting the terms in the consent order, the court found plaintiffs' opposition argument to be unpersuasive because "if taken as true, any deadline would have no meaning." The court also found the "[c]onsent [o]rder is clear that the sixty-day deadline applied to both the tolling of the statute of

6

limitations and opportunity to re-file any of the affirmative claims, counterclaims, and/or third-party claims."

The court further found:

> [G]iven the language in the [c]onsent [o]rder, taken in conjunction with the subsequent arbitration, the matter was adjudicated on the merits once the final award was rendered in the Nacirema Arbitration. This sixty-day window provided both parties with the opportunity to re-rile any related claims, presumably for at least two reasons. First, it either party was unhappy with the outcome of the Nacirema Arbitration, they could have those claims heard in a court instead of an arbitration hearing. Second, if any claim or counterclaim was not addressed in the arbitration, they could bring those unaddressed claims in a refiled action.

The court also found that "notwithstanding the agreed upon sixty-day window for refiling, the [Nacirema] arbitration award operated as a valid and final judgment." After reciting the correct legal standards for the doctrine of res judicata, the court found "following the sixty-day refiling deadline, the arbitration award operated as a valid and final judgment." In addition, the court denied defendant's arguments relying upon judicial estoppel and waiver, finding neither legal basis applied to the case.

A-0346-23

Thereafter, although defendant's motion did not assert the entire controversy doctrine (ECD) as a basis for dismissal in his motion, the court found the ECD applied. The court stated, "even if this [c]ourt was found to have misinterpreted the consent order, the [ECD] likewise demands a dismissal of the complaint."

The court's decision cited the applicable law concerning the ECD and referenced <u>Rule</u> 4:30A. The court found the factual nexus between the two matters to be "overwhelming." The court further found the factual allegations that support the claims for malicious use and abuse of process were "known at the time of the original chancery action or were discovered throughout the extensive litigation process."

The court concluded its decision by finding "[d]espite obtaining that information through discovery in the chancery action [concerning the factual basis of the malicious use and abuse of process], and being provided the sixty-day window for refiling, plaintiff Scott chose not to file until March 27, 2023." Pursuant to these alternative findings the court dismissed plaintiffs' complaint based on the ECD.

Thereafter, an order was entered dismissing plaintiffs' complaint.

A-0346-23

## II.

On appeal, plaintiffs assert the court erred by finding the consent order from the chancery action barred their complaint.  They argue the consent order only addressed the tolling of the statute of limitations for the claims included in that action and the order was not a final order since it only dismissed the parties' claims and defenses without prejudice.  Therefore, because no claims of plaintiffs were dismissed with prejudice pursuant to the terms of the consent order, their two count Law Division complaint asserting new causes of action was not barred by the consent order and should not have been dismissed.  Plaintiffs also argue the court's dismissal of their complaint based on the doctrine of res judicata and the entire controversy doctrine was error.

## III.

Rule 4:6-2(e) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  When considering an application for relief under this rule, a court is required to "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Major v. Maguire, 224 N.J. 1, 26 (2016) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).  We review

an order of dismissal under Rule 4:6-2(e) de novo and "apply the same test as the Law Division." Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186 (App. Div. 2006).

Consent orders are essentially unique contracts, and thus in construing a consent order, courts should use principles of contract interpretation. "A consent order is, in essence, an agreement of the parties that has been approved by the court." Hurwitz v. AHS Hosp. Corp., 438 N.J. Super. 269, 292 (App. Div. 2014). As such, a consent order operates as a contract between the parties. See ibid. Importantly, "it is a basic rule of contractual interpretation that a court must discern and implement the common intention of the parties." Pacifico v. Pacifico, 190 N.J. 258, 266 (2007).

The court must "examine the plain language of the contract and the parties' intent, as evidenced by the contract's purpose and surrounding circumstances." Hurwitz, 438 N.J. Super. at 292 (quoting Highland Lakes Country Club & Cmty. Ass'n v. Franzino, 186 N.J. 99, 115 (2006)). "In doing so, 'the words of an agreement are given their "ordinary" meaning.'" Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 512 (2019) (quoting Flanigan v. Munson, 175 N.J. 597, 606 (2003)). "[I]f the contract into which the parties have entered is clear, then it must be enforced as written." Serico v. Rothberg, 234 N.J. 168, 178

10

(2018) (alteration in original) (quoting In re County of Atlantic, 230 N.J. 237, 254 (2017)); see also Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960) (holding that courts generally enforce contracts as written). We apply these standards here.

## IV.

Since we review a consent order under contractual principles, we begin with an evaluation of the specific terms in the consent order. The consent order at paragraph three defined a "Refiled Action" as any affirmative claims, counterclaims, and/or third-party claims that were advanced, and not dismissed, by any respective party in this action. Paragraph five of the consent order provided the parties preserved and are permitted to assert as part of any "Refiled Action, all rights, remedies, defenses, and claims for relief that he, she, or it asserted, were seeking to obtain, or could have obtained in [the] action," including requests for sanctions, and "any and all applicable statutes of limitation, repose, or other defenses on limitations of actions . . . that may apply to a Refiled Action . . . shall be tolled and suspended until sixty days after the adjudication of the Nacirema Arbitration." (Emphasis added).

Based on our review of the record, we conclude plaintiffs were distinctly aware of the factual basis for their claims against Warren for malicious abuse of

process and malicious use of process pled in their Law Division complaint before the execution and filing of the consent order in the chancery action. Almost identical claims were made in count twelve of plaintiffs' counterclaim in the chancery action and the record in that action plainly disclosed the facts forming the basis of plaintiffs' "new" claims were known at the time the chancery action concluded.

We conclude the clear language in the consent order at paragraph five barred any claims against the other party in any Refiled Action which "he, she or it could have obtained in the [chancery] action" unless the claims were filed within the sixty-day tolling period. Plaintiffs' complaint asserting claims for malicious abuse and use of process were claims they could have brought in the chancery action. The parties are bound by their contractual agreement set forth in the consent order regardless of whether plaintiffs' newly pled claims would have been filed in a timely manner under the applicable statute of limitations. Since we determine the complaint did not plead timely claims under the consent order, the court's dismissal of the complaint was appropriate.

Plaintiffs' argument no specific language in the consent order barred new claims from being asserted in the Law Division is unpersuasive. We conclude plaintiffs' argument the consent order lacks language barring their timely filed

12

claims within the applicable statute of limitations holds little merit when viewed against paragraph five of the consent order, which specifies the conditions required to refile known claims. We view plaintiffs' new complaint as an attempt to repackage the same claims raised, or which could have been raised in the dismissed chancery action, and determine the claims are barred by the consent order.

Having concluded the dismissal of plaintiffs' complaint was appropriate for the reasons expressed in this opinion, we decline to reach the merits of plaintiffs' contentions the court's reliance on the doctrines of res judicata and the entire controversy were error.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0346-23