**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3659-23

RUTGERS, THE STATE
UNIVERSITY,

     Plaintiff-Appellant,

v.

NWAYIEZE C. NDUKWE,

     Defendant-Respondent.

_____

Submitted May 29, 2025 – Decided June 17, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-003072-24.

Watson & Allard, PC, attorneys for appellant (Gregory J. Allard, on the briefs).

Nwayieze C. Ndukwe, respondent pro se.

PER CURIAM

     Plaintiff Rutgers, The State University (Rutgers), appeals from a July 1, 2024 order denying counsel fees and interest claimed to be due and owing from

defendant Nwayieze Ndukwe under a master promissory note (Note). For the reasons that follow, we reverse and remand to the trial court to determine an award of reasonable attorney's fees, costs, and interest owed by defendant to Rutgers pursuant to the Note.

Rutgers, a public university, includes the New Jersey Medical School (NJMS). In 2007, defendant enrolled at NJMS as a medical student. On August 10, 2007, defendant signed and executed the Note, reflecting defendant's enrollment date at NJMS as July 3, 2007 and completion date as May 25, 2011.

Under the terms of the Note, defendant

> promise[d] to pay [NJMS] . . . the sum of such amounts as may from time to time be advanced to [her] with interest at the rate of [five] percent per annum together with all attorney's fees, collection agent costs, and other related costs and charges for the collection of any amount not paid when in default according to the terms of this [Note].

The Note also included the following terms regarding repayment, interest, default, and litigation:

> 2. Repayment (Section 722 Public Health Service Act, 42 CFR 57.210):
>
> a. Repayment shall be made in equal or graduated periodic installments within the repayment period . . . [which] shall not be less than ten years, nor more than [twenty-five] years . . . .

2

b. The terms and conditions of repayment shall be set forth in a separate repayment period schedule which is approved by the Institution and agreed to by the Borrower. Payments under the repayment schedule shall be made to the Institution or its representative no less often than quarterly.

3. Interest (Section 722 Public Health Service Act, 42 CFR 57.208): Interest shall accrue from the beginning of the repayment period.

. . . .

7. Default (Section 721, Public Health Service Act, 42 CFR 57.208): If the Borrower fails to make an installment payment when due or fails to comply with any other term of this Promissory Note, the loan will be considered in default.

. . . .

11. Collection Agents, Litigation, and Withholding of Services (Section 722 Public Health Service Act, 42 CFR 57.210): If the Borrower fails to make a scheduled repayment, . . . the Institution may: (a) refer the Borrower's loan to a collection agent for further collection efforts [and] (b) initiate legal proceedings against the Borrower.

Rutgers, through its third-party billing servicer, ECSI, advanced a $20,000 loan to defendant. Loan disbursements were made as follows: $2,150 on August 17, 2007; $7,850 on September 21, 2007; and $10,000 on December 12, 2007. Defendant's first loan payment became due on August 3, 2013.

3

Between August 3, 2013 and August 1, 2023, defendant made timely payments on the loan. On August 28, 2023, defendant obtained a cashier's check from her financial institution, Bank of America, made payable to "Rutgers University, C/O Heartland ECSI." According to defendant, the check represented "the remaining balance on [her] loan . . . to pay the entirety of it off for $10,054.52." At trial, defendant testified she sent the check by registered mail through the United States Postal Service (USPS) the same day.

After waiting "about two weeks" for the check to clear, defendant contacted ECSI to confirm receipt of her check. ECSI had not received defendant's check and suggested "wait[ing] a little bit longer" for the check to process. Defendant subsequently received a bill for the outstanding loan amount from ECSI. Defendant "called [ECSI] again [on September 12, 2023]." According to defendant, ECSI stated "they hadn't received [the check]."

On September 15, 2023, defendant submitted a search request to USPS regarding the check. USPS explained it would take approximately six weeks to investigate the status of the mailed check.

Defendant also contacted Bank of America regarding the check. It told defendant to wait for USPS to complete its investigation and then cancel the check if USPS confirmed it was lost.

A-3659-23

Six weeks later, USPS confirmed the check was lost.  Defendant contacted her bank and cancelled the check.  However, the bank explained the funds for the lost check would not be available for ninety days because the check amount exceeded $10,000.

On March 8, 2024, six months after the due date for payment to Rutgers, defendant emailed ECSI regarding the situation.  In a series of emails, defendant recounted her efforts to tender the full amount due and owing to Rutgers in September 2023, and USPS's confirmation of loss of the mailed check.  She asked to speak to someone at ECSI about the matter.  ESCI did not respond to defendant's emails.

On April 2, 2024, Rutgers filed a complaint alleging defendant failed to make payment on her loan.  Rutgers asserted defendant owed $10,054.52, representing the outstanding principal balance due, plus interest accruing at an annual rate of five percent, late fees for "payments that have not been made when due," and $500.00 in attorney's fees.  As of August 3, 2023, in addition to the principal balance of $10,054.52, Rutgers contended defendant owed $293.33 in interest and $22.00 in late fees.  Rutgers demanded defendant's payment of $10,869.75, "plus ongoing attorney's fees, accruing interest up to the date of judgment, interest from the date of judgment, and court costs."

Defendant filed an answer. She denied owing money to Rutgers and asserted "[t]he claim or the amount of the claim [wa]s unfair." In her answer, defendant explained her efforts to remit the outstanding balance on the loan and the USPS's loss of the payment check.

The matter proceeded to trial. Rutgers called Jason Makarevic, an accounting specialist who handled student loans and collections for Rutgers. Makarevic confirmed the outstanding principal balance on defendant's loan was $10,054.52, with an additional $293.33 in interest and $22 in late fees accrued as of the trial date. He further testified "[n]o payment was received after August 1, 2023," including the cashier's check defendant sent via the USPS.

Rutgers presented the judge with copies of defendant's Note, student loan disclosure statement, student loan disbursement status form, and ECSI profile sheet. The disclosure statement, signed by defendant on February 23, 2012, specified an annual five percent interest rate, accruing as of June 1, 2013, a finance charge of $5,415.91, and an amount financed of $20,000, for a total of $25,415.91 in payments.

The ECSI profile sheet indicated ECSI emailed defendant on September 5, 2023, advising her loan payment was due in ten days. In a September 7, 2023 entry, ECSI noted defendant called "saying she sen[t] the payment for the payoff

amount [on August 28, 2023]." On September 12, 2023, the profile sheet reflected defendant "called [stating] that she sent the check for her pay off balance." A week later, the profile sheet showed ECSI emailed a past due payment notice to defendant. On January 20, 2024, the profile sheet indicated ECSI notified defendant her the loan payment was ninety days past due.

At trial, defendant testified regarding her efforts to track the missing payment, including evidence of her telephone calls to ECSI and the duration of those conversations. Defendant also testified about her emails to ECSI regarding the missing payment. She further explained she did not want to incur a three percent fee for online payment of the outstanding balance and distrusted sending another check through the USPS.

Counsel for Rutgers argued there were other mechanisms for defendant to pay the outstanding balance in September 2023. Despite defendant receiving monthly bills after September 2023, Rutgers asserted defendant knew there were alternate means for tendering payment but she did nothing for many months. Rutgers further explained neither it nor ECSI "did anything wrong" and defendant failed to file a claim against the culpable party, the USPS.

Under the Note and federal regulations cited in the Note, Rutgers argued it "was entitled to attorney's fees for any outstanding balance if [it] ha[d] to

pursue . . . litigation." At trial, Rutgers submitted a certification of attorney's fees incurred as a result of the litigation filed against defendant to collect the outstanding loan amount.

Defendant did not assert a counterclaim. However, defendant told the judge she was entitled to lost wages because she was required to appear for trial. Although the judge agreed to consider defendant's lost wage testimony, the judge did not render a determination on that claim.

The judge asked if defendant could issue a check in the amount of $10,054.52 that day. Defendant agreed to pay the outstanding balance on the day of trial but objected to the inclusion of attorney's fees, costs, and interest. Rutgers declined "to accept [$10,054.52] as payment in full."

At the close of the testimony, the judge found the parties did not dispute defendant owed the $10,054.52 outstanding balance due on the loan. The judge also found the lost check was not defendant's fault and held defendant "made a good faith effort to . . . make the payment, and to communicate with the entity that she had regarding making the payment."

At the conclusion of the trial, the judge granted judgment in favor of Rutgers in the amount of $10,054.52. The judge determined the witnesses for both parties were credible and neither party was at fault for the lost check. The

8

judge explained defendant attempted to remit timely payment but "[t]hrough no fault of her own, that payment was lost." The judge declined to award post-2023 interest and attorney's fees "based on the credibility findings . . . in favor of defendant and the extensive efforts [defendant] made to try to resolve this issue."

Before the parties left the courtroom, defendant issued a $10,054.52 check to Rutgers. The judge's July 1, 2024 order stated: "Defendant will pay $10,054.52 through counsel today in court. [Rutgers']s request for counsel fees and post-2023 interest is denied for the reasons stated on the record."

Rutgers moved to amend the judgment, arguing the Note provided for the recoupment of attorney's fees, costs, and interest at a rate of five percent per year. Rutgers requested the judgment be amended to include $1,350, representing reasonable attorney's fees and $443.50, representing interest at five percent from September 1, 2023 through April 2, 2024, the filing date of the complaint. Rutgers, therefore, sought an additional $1,793.50 as "expressly authorized by the contract between the parties."

Defendant objected to Rutgers's motion to amend the judgment. On August 16, 2024, the judge denied Rutgers's motion, citing the July 1, 2024 reasons stated on the record after the trial.

9

On appeal, Rutgers argues the judge erred in failing to award counsel fees, costs, and interest pursuant to the clear and unequivocal terms of the Note. We agree.

I.

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). We review a trial judge's interpretation of a contract de novo. Serico v. Rothberg, 234 N.J. 168, 178 (2018); Kieffer v. Best Buy, 205 N.J. 213, 222 (2011).

A.

We first address Rutgers's argument the judge erred in declining to award interest due under the Note. In a contract action, the award of prejudgment interest and calculation of prejudgment interest is within the sound discretion of the trial court. County of Essex v. First Union Nat'l Bank, 186 N.J. 46, 61 (2006); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:42-11(b) (2025). Generally, "the award of prejudgment interest on contract and equitable claims is based on equitable principles." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 390 (2009) (quoting First Union Nat'l Bank, 186

N.J. at 61). However, if a claim for owed interest "is based on the contractual provisions previously expressed," a party "must be required to comply with its contractual obligations." Van Note-Harvey Assocs., P.C. v. Township of East Hanover, 175 N.J. 535, 542 (2003).

Here, the judge declined to award interest, which defendant was contractually obligated to pay under the explicit terms of the Note. The Note indicated the loan advanced to defendant was subject to "interest at the rate of [five] percent per annum" and "accrue[d] from the beginning of the repayment period." Under the clear terms of the Note, defendant's $20,000 loan began to accrue interest as of June 1, 2013, the beginning of the repayment period per the disclosure agreement. Defendant last made a payment, prior to trial, on August 1, 2023. When Rutgers filed its complaint, defendant owed $10,054.52 in principal. While defendant paid the outstanding principal at the conclusion of the trial, Rutgers asserted defendant owed $443.50 in interest for the period from September 1, 2023—the date of defendant's first missed payment—to the filing date of the complaint.

Having reviewed the record, including the Note signed by defendant, we are satisfied the judge made a misstep in declining to grant Rutgers's request for contractual interest. Therefore, we are constrained to reverse the judge's denial

11

of Rutgers's request for "interest from January 1, 2024 to July 1, 2024," and remand for the judge to calculate the amount of interest owed by defendant under the Note.

B.

We next address Rutgers's argument the judge erred in declining to award reasonable counsel fees and costs expressly authorized under the Note.

We review rulings on an award of attorney's fees for abuse of discretion. Empower Our Neighborhoods v. Guadagno, 453 N.J. Super. 565, 579 (App. Div. 2018). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Ibid. (quoting Packard-Bamberger & Co. v. Coller, 167 N.J. 427, 444 (2001)). A trial court decision will constitute an abuse of discretion where "the 'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Saffos v. Avaya Inc., 419 N.J. Super. 244, 271 (App. Div. 2011) (quoting United States v. Scurry, 193 N.J. 492, 504 (2008)).

Because defendant made no effort to pay the outstanding balance following the loss of the check by the USPS despite acknowledging she owed $10,054.52, Rutgers argues it retained an attorney to pursue the matter against

12

defendant. Rutgers contends it relied on the contractual provision under the Note for recovery of attorney's fees when it filed suit against defendant. Defendant responds awarding attorney's fees to Rutgers "is unjustified under the circumstances."

"In the field of civil litigation, New Jersey courts historically follow the 'American Rule,' which provides that litigants must bear the cost of their own attorney['s] fees." Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016) (quoting Litton Indus., Inc., 200 N.J. at 404). "However, 'a prevailing party can recover those fees if they are expressly provided for by statute, court rule, or contract.'" Litton Indus., Inc., 200 N.J. at 385 (quoting Packard-Bamberger & Co., 167 N.J. at 440 (2001)); see also R. 4:42-9 ("No fee for legal services shall be allowed" except for the actions expressly stated in the Rule).

"[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc., 200 N.J. at 386 (quoting Packard-Bamberger, 167 N.J. at 444). A party is entitled to attorney's fees when it "prevailed on one of [its] breach of contract claims, and the contract required defendant[] to indemnify [Rutgers] for [its] losses in the event of a breach." Ibid.

Here, the Note provided for recovery of reasonable attorney's fees in the event defendant defaulted and the matter went to collection. Under the Note, defendant "promise[d] to pay . . . all attorney's fees, collection agent costs, and other related costs and charges for the collection of any amount not paid when in default." Contrary to defendant's argument, the unambiguous language in the Note allowed Rutgers to recover attorney's fees and related costs in the event of default. The Note specified defendant's loan would "be considered in default" if she "fail[ed] to make an installment payment when due," at which point Rutgers could "initiate legal proceedings against" defendant.

Because it is undisputed defendant failed to make payments due under the Note between August 1, 2023 and July 1, 2024, defendant was legally in default as of September 1, 2023, the date of her first missed payment. At the time Rutgers filed its lawsuit in April 2024, defendant was approximately seven months delinquent on her loan payments and Rutgers was contractually entitled to pursue legal action to recover the amount owed.

Under the express terms of the Note, defendant was liable for reasonable attorney's fees and costs related to Rutgers' attempt to recover the outstanding balance on her loan. Thus, the judge's denial of Rutgers's requested attorney's fees constituted an abuse of discretion. Therefore, we are constrained to reverse

the denial of reasonable counsel fees and costs and remand for the judge to determine the amount to be awarded to Rutgers.

II.

We next address defendant's claim raised for the first time on appeal that she is entitled to damages for the lost income associated with time spent litigating this matter. We may decline to consider issues not presented to the trial court when a party had an opportunity to present the issue to the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Unless an issue goes to the jurisdiction of the trial court or concerns matters of substantial public interest, we ordinarily will not consider the issue. J.K. v. N.J. State Parole Bd., 247 N.J. 120, 138 n.6 (2021); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2025).

As Rutgers notes, defendant failed to file a counterclaim for lost wages. Further, Rutgers asserts defendant is not entitled to recovery of lost wages associated with the litigation because she did not prevail at trial.

Defendant neither raised the issue of lost wages in her answer to Rutgers's complaint, nor did she file a counterclaim for lost wages. Therefore, defendant's lost wage claim was not appropriately presented to the judge. Because defendant

failed to properly assert a claim for lost wages before the trial court, defendant waived the claim. See Zaman, 219 N.J. at 226.

For the foregoing reasons, we reverse the July 1, 2024 order denying Rutgers's claim for an award of interest, reasonable attorney's fees, and costs allowable under the Note. We remand for the trial judge to determine reasonable attorney's fees, costs, and interest owed to Rutgers. We take no position on the amount to be awarded on remand.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division