**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3468-23

CAVALRY SPV I, LLC, AS
ASSIGNEE OF CITIBANK, NA,

 Plaintiff-Respondent,

v.

SAKARI T. MIAKODA,

 Defendant-Appellant.

_____

Submitted May 29, 2025 – Decided July 18, 2025

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-001814-24.

Sakari T. Miakoda, appellant pro se.

Apothaker Scian, PC, attorneys for respondent (Kimberly F. Scian, on the brief).

PER CURIAM

 Defendant, Sakari T. Miakoda, appeals from the trial court order of May 24, 2024, granting plaintiff, Cavalry SPV I, LLC, as assignee of Citibank, NA's

motion for summary judgment. Because there are no material facts in dispute and the trial court correctly applied the law, we affirm.

According to plaintiff's complaint, it is an assignee of defendant's original creditor, Citibank, NA/MY Best Buy. Plaintiff filed suit to collect on an outstanding book account. Defendant filed an answer with affirmative defenses. One of the affirmative defenses was "[t]he [c]ourt lacks jurisdiction as the alleged contract falls under the Consumer Rule of Arbitration."

The parties' agreement includes an arbitration clause that, in part, provides "disputes may be resolved by binding arbitration." In addition, the clause states:

> Arbitration may be requested at any time, even whe[n] there is a pending lawsuit[, u]nless a trial has begun or a final judgment entered. Neither you nor we waive the [r]ight to arbitrate by filing or ser[vi]ng a complaint, answer, counterclaim[,] motion, or discover[y] in a court[.] To choose arbitration, a party may file a motion to compel arbitration in a pending matter and[/]or commence ar[bi]tration by submitting the required AAA[1] forms and req[ui]site filing fees to the AAA.

The parties' agreement also contains a card agreement guide that provides:

> This Guide [w]ill help you easily identify sections of the Card Agreement and give you a brief overview of the contents of each section. . . . [W]e encourage you to read y[ou]r entire Card Agreement, including the arbitration provision, before you use your Account[.]

---

[1] American Arbitration Association.

A-3468-23

. . . .

## ARBITRATION

> Explains that you cannot go to court, [h]ave a jury trial or initiate or participate in a class action if you have a dispute with us. Instead, this provision tells you that the dispute must be resolved by a professional ar[bi]trator, not a judge or jury. This section also explains how arbitration works and some of the differences between resolving a dispute in arbitration and resolving one in court[.]

Plaintiff moved for summary judgment. In opposition, defendant did not dispute any asserted facts but argued she never "waived [her] right for arbitration." During oral argument, defendant acknowledged she had never filed "a motion to dismiss . . . plaintiff's complaint and compel arbitration."

In an oral opinion following the parties' arguments, the trial court recited the correct summary judgment standard. Further, the court noted defendant's opposition to plaintiff's motion rested on the parties' arbitration clause and her assertion that she never waived her right to arbitration. However, the court determined defendant never sought arbitration. The court stated plaintiff complied with all procedural requirements for summary judgment and submitted the necessary proofs. Therefore, finding no facts in dispute, the court granted plaintiff summary judgment.

3

On appeal, defendant argues the trial court erred in granting summary judgment because her "answer notified the court that the contract in question was governed by a binding arbitration agreement." Defendant relies on the language from the guide to assert that arbitration "is a mandatory requirement, it's not discretionary."

Plaintiff counters that the arbitration clause "provides arbitration of claims as an alternative to court that may be elected through procedures described in the agreement," and the clause "does not automatically deprive the court of jurisdiction, instead explicitly referenc[es] state court as [an] option and the filing of a motion to compel."

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019).

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

4

[R. 4:46-2(c).]

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)).

"Where there is no material fact in dispute . . . 'we must then decide whether the trial court correctly interpreted the law.'" N.J. Realtors v. Twp. of Berkeley, 479 N.J. Super. 379, 391 (App. Div. 2024) (quoting DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (internal quotation marks omitted)). We review issues of law de novo and accord no deference to the trial judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"Appellate review of a ruling on jurisdiction is plenary because the question of jurisdiction is a question of law. . . . Our review is thus de novo . . . ." Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017). Moreover,

5

"[o]ur review of a contract, generally, is de novo . . . . Our approach in construing an arbitration provision of a contract is governed by the same de novo standard of review." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 446 (2014).

"A basic principle of contract interpretation is to read the document as a whole in a fair and common sense manner." Hardy ex rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 103 (2009). "[T]he terms of the contract must be given their 'plain and ordinary meaning.'" Schor v. FMS Fin. Corp., 357 N.J. Super. 185, 191 (App. Div. 2002) (quoting Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997)). "Where the terms of an agreement are clear, we ordinarily will not make a better contract for parties than they have voluntarily made for themselves, nor alter their contract for the benefit or detriment of either . . . ." Carroll v. United Airlines, Inc., 325 N.J. Super. 353, 358 (App. Div. 1999). In other words, "[i]f the contract into which the parties have entered is clear, then it must be enforced as written." Serico v. Rothberg, 234 N.J. 168, 178 (2018) (quoting In re Cnty. of Atl., 230 N.J. 237, 254-55 (2017)).

Applying these well-established principles, we conclude there is no merit in defendant's arguments. We start with the plain language of the parties' arbitration clause. The clause provides "that disputes <u>may</u> be resolved by

binding arbitration" and "[a]rbitration <u>may</u> be requested at any time." (Emphasis added). The use of the word may is permissive and not mandatory. <u>See</u> <u>Riverside Chiropractic Grp. v. Mercury Ins. Co.</u>, 404 N.J. Super. 228, 237 (App. Div. 2008) ("The contract states the . . . party, . . . 'may' submit to arbitration. . . . . This language clearly does not mandate arbitration.").

In addition, the parties recognize the jurisdiction of the courts in their arbitration clause. The clause provides that the parties can request arbitration "even whe[n] there is a pending lawsuit." Further, the clause states that neither party waived their "right to arbitrate" by participating in a court proceeding. Therefore, defendant's argument that the court lacked jurisdiction is undermined by the terms of the parties' agreement.

Moreover, as defendant acknowledged, she never "chose arbitration" by filing "a motion to compel arbitration" or by "commenc[ing] arbitration" with the AAA. <u>See</u> <u>Cole v. Jersey City Med. Ctr.</u>, 215 N.J. 265, 281 ("A court will consider an agreement to arbitrate waived, . . . if arbitration is simply asserted in the answer and no other measures are taken to preserve the affirmative defense.").

Lastly, defendant's reliance on the explanatory guide language to create a mandatory obligation to arbitrate is misplaced. The guide merely

"encourage[d]" defendant to read the arbitration clause and described the consequences of choosing arbitration; it did not create an obligation to arbitrate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Harley

Clerk of the Appellate Division